The opinion of the court was delivered by
Various assignments of error are argued in the briefs upon two propositions, to-wit: (1) That the court erred in its instructions to the jury, and in excluding and refusing to submit to the jury certain requests for special findings of fact, as to the question of the right of the jury in this case on the evidence to estimate exemplary or punitive damages in their verdict; and (2) that the evidence was insufficient to uphold a recovery in the case.
The court gave to the jury the following instructions:
"3. You are further instructed that if you find for the plaintiff, it is your privilege to find any sum which, in your judgment, will compensate the plaintiff for injuries sustained, not exceeding the amount claimed, and in arriving at your verdict, if you find for the plaintiff, it is your duty to take into consideration the extent of the injury, and the amount you think will fairly compensate the plaintiff for such injury, considering her station in life, the condition she was in at the time she was injured, and her condition since that time, and her condition at the present time as you see her on the stand."
And
"19. If you find from the evidence that the injury complained of resulted from the carelessness and negligence of the defendant, and without fault of the plaintiff, then it will be your duty to assess her damages in such sum as will compensate her for the pain and anguish you may find she has suffered, and you may assess such additional sum as you may think proper under all the circumstances as exemplary damages against said defendant for the wrongs complained of in the complaint."
The court refused to submit to the jury the following questions of fact:
"22. If you find for the plaintiff, state what amount you find as actual damages. *Page 546 
"27. If you find for the plaintiff, state what amount you assess as punitive damages."
To these rulings of the court exceptions were duly made and preserved.
The doctrine of compensatory relief for actual damages sustained, is as stated in instruction No. 3; and the jury are instructed, in instruction No. 19, that, if they find that the injury complained of resulted from the carelessness and negligence of the defendant, and without fault of the plaintiff, they may assess exemplary damages against the defendant.
The doctrine of exemplary damages, as stated by Judge Seymour D. Thompson, in his work on Carriers of Passengers, is as follows:
" 'Exemplary,' 'punitive,' or 'vindictive' damages, sometimes called 'smart money,' are only awarded in cases where there is an element of either fraud, malice or such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness, or other causes of aggravation in the act or omission, causing the injury." (Thompson on Carriers of Passengers, p. 573, § 27.)
It is stated in Field on Damages, as follows:
"The general rule in reference to exemplary or punitive damages is that wherever the injury complained of has been inflicted maliciously or wantonly or with circumstances of contumely or indignity, the jury are not limited to simple compensation for the wrong done, but may give the party injured exemplary damages; and malice implies not merely the doing of an unlawful and injurious act, but that it was conceived in the spirit of mischief or of criminal indifference to civil obligations and the rights of others." (Field on Damages, § 83, p. 90.)
And again in § 84:
"In cases of gross negligence — and especially so gross *Page 547 
as to reasonably imply malice — or where, from the entire want of care or great indifference to the persons or property of others, malice will be imputed, the weight of authority would seem to authorize the assessment of exemplary or punitive damages as a matter of law; but to entitle the plaintiff to recover exemplary damages the negligence should be so flagrant and culpable, or the circumstances of the case show such a reckless indifference to duty and to the security of the lives and limbs of persons or their property, from which malice may be inferred or imputed to the defendant."
The doctrine as here stated by these eminent text writers is based upon a multitude of authorities, including a uniform course of decisions by the supreme court of the United States, as well as by the supreme courts of many of the states of the Union.
It is said in Railway Co. v. Prentice, 147 U.S. 101, that exemplary damages will be awarded if the defendant "has acted wantonly or oppressively, or with such malice as implies a spirit of mischief, or criminal indifference to civil obligations. But such guilty intention on the part of the defendant is required, in order to charge him with exemplary or punitive damages."
The feature of gross negligence is, therefore, not comprehended as a ground of exemplary damages by the supreme court of the United States, unless it be shown that it has proceeded from such conduct as is wanton or oppressive, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations.
The doctrine as stated by Judge Thompson and Mr. Field is fully borne out in Mayer v. Frobe, [W. Va.] 22 S.E. Rep. 58; and Railway Co. v. Ames, 91 U.S. 489, in which the supreme court of the United States adopts the view of the highest English courts, that there is no intelligible distinction between ordinary and gross negligence, and that only compensatory damages will be *Page 548 
allowed unless there is "proof of a wrongful purpose which may take a case out of the rule, as an exceptional one." (Frantz v. Hilterbrand, 45 Mo. 124; Graham v. Pacific R. R.Co., 66 Mo. 541; Norfolk W. R. Co. v. Lipscomb, [Va.] 17 S.E. 812.)
It is again declared by the supreme court of the United States in Railroad Co. v. Arms, 91 U.S. 495, that, in order to allow exemplary damages, "there must have been some wilful misconduct, or that entire want of care which would raise the presumption of conscious indifference to consequences."
It is contended, however, that a different doctrine prevails in the state of Kansas. We have examined the Kansas authorities carefully, and do not find that they bear out any other view than that which is here stated to be the doctrine enunciated by the supreme court of the United States, as well as the prevailing doctrine of the supreme courts of the various states.
It is held in S. K. R. R. Co. v. Rice, 38 Kans. 404:
"If that mistake was due to such reckless indifference to the rights of a passenger on the part of the conductor as established gross negligence, amounting to wantonness, and the jury so found, they might find exemplary damages."
And again in West v. Telegraph Co., 39 Kans. 93, that:
"If there was such a gross negligence as to indicate wantonness or a malicious purpose, then the plaintiff would be entitled to exemplary damages."
Adopting the views here expressed and repeatedly announced in various forms by courts of commanding authority, if the instruction given upon this subject in this case is to be sustained it must be sustained because of proof "of wrongful purpose" or "of reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness, or other causes of aggravation in *Page 549 
the act or omission causing the injury," or because of injuries "inflicted maliciously or wantonly or under circumstances of contumely or indignity," or because they showed a reckless indifference to duty and to the security of the lives and limbs of persons or their property, from which malice may well be inferred or imputed to the defendant."
The testimony disclosed that, while in this case the train arrived at the station at Norman while it was yet dark, that the plaintiff was assisted from the train by the brakeman, who carried her child; that the car was provided with railings on each side of the steps leading from the platform, which the plaintiff did not use. Her testimony was, "I did not take hold of the railings; I wasn't very careful." The testimony was conflicting as to whether the brakeman had a light on his arm or not, while he stood upon the platform of the depot waiting for her to descend, having himself carried out the child in advance. There was no other light upon the platform nearer than the window of the ticket office. It had been raining and the platform and steps of the car upon which the plaintiff slipped, were wet.
We cannot hold that while the plaintiff failed to use such means as were provided for her safety, and while she admitted that she "wasn't very careful" herself, that such a case has been made out, under the law, as would entitle her to exemplary damages. The plaintiff must herself have been in the exercise of due care, which does not appear.
We think there was no testimony to warrant such damages, and that the instructions in the form given should not have been presented to the jury. We are, also, of the opinion that, if given, the court should have explained to the jury upon what conditions negligence, or gross negligence, *Page 550 
would have entitled the plaintiff to exemplary damages. (Winsted v. Hulme, 32 Kan., 568; A. T. S. F. R. R. Co. v.McGinnis, 26 Pac. Rep., 452.)
It is, however, argued in the brief of the defendant in error, that the verdict was not excessive, even upon the third instruction of the court, which states the law of compensatory damages.
But the verdict and judgment cannot be sustained upon this consideration, even if we could conclude that the damages were not excessive or compensation for actual injuries received, since upon the instructions as given to the jury, they were permitted to assess exemplary damages, and it is impossible to disaver that part of the amount of the verdict was in the estimation of the jury compensatory, and that part thereof was assessed as exemplary damages.
And it is therefore also apparent that special interrogatories numbered 22 and 27 should have been given to the jury by which they were requested, if they found for the plaintiff, to discriminate and state what amount they found as actual damages, and what part thereof they assessed as punitive damages.
The case is therefore reversed and remanded for a new trial.
Scott, J., having presided in the court below, not sitting; all the other Justices concurring. *Page 551