## GIBSON CO., Inc., et al. v. DYE.

No. 26855. Jan. 19, 1937.

Rehearing Denied March 16, 1937.

Hal Crouch and Philip N. Landa, for plaintiffs in error.

Mills & Cohen, for defendant in error.

BUSBY, J. This is an action for damages for personal injuries sustained by Harold Dye in a collision between two trucks.

On September 22, 1934, Harold Dye was riding in a southerly direction on one of the highways in Tulsa county in a Ford "pick-up" truck owned by his father and being driven by his brother, Glenn Dye. This truck collided with a gasoline truck being driven in the opposite direction by C. A. Mannah, who was admittedly acting as the agent or servant of the Gibson Oil Company.

Through J. C. Dye, as next friend, Harold Dye prosecuted this action to recover damages for personal injuries. He obtained a judgment, upon consideration of a jury, in the district court of Tulsa county for the sum of $12,500 against the Gibson Oil Company and C. A. Mannah.

The defendants present the case to this court for review.

The details of the collision and the extent

of the plaintiff's injuries need not be discussed. Defendants neither challenge the sufficiency of the evidence to establish primary negligence on their part nor deny that plaintiff's injuries justify the amount of the judgment.

The defendants' complaints are confined strictly to the field of remedial law.

The plaintiff's petition charged primary negligence, setting forth facts alleged to constitute the same. The two defendants filed separate answers. Each of the answers contained assertions that the collision was solely and proximately caused by certain described acts of negligence on the part of Glenn Dye, the driver of the truck in which plaintiff was riding. The answer of the Gibson Oil Company, Inc., contained the additional allegation that these acts of negligence were attributable to plaintiff for the reason that plaintiff and his brother "were engaged in a joint mission and enterprise." Specific allegations concerning the nature or asserted nature of the enterprise were not set forth. The answer of C. A. Mannah did not contain a corresponding or similar allegation. To these answers the plaintiff filed an unverified reply in the nature of a general denial.

The negligence or contributory negligence of the driver of a vehicle cannot be imputed to one who rides with him, unless there exists between such person and the driver either the relationship of principal and agent, or master and servant, or some broader relationship such as that of partnership, or joint enterprise, which includes and connotes mutual agency or responsibility. St. L. & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 P. 336; Hasty v. Pittsburg County Ry. Co., 112 Okla. 144, 240 P. 1056.

The trial court instructed the jury upon this theory. To the instruction thus given the defendants excepted.

On motion for new trial and in presenting the case for review in this court, it is contended that under the pleadings it stood as admitted, that is, as a self-proved fact, that the plaintiff and his brother, the driver, were engaged in a joint enterprise. This by reason of the failure of the plaintiff to verify his reply. The position taken by the defendants is based upon section 220, O. S. 1931, which reads in part:

"In all actions, allegation * * * of any appointment of authority, * * *. shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Whether defendants' allegation that plaintiff and his brother "were engaged in a joint mission and enterprise" is sufficiently definite as an allegation of "appointment of authority" to invoke the application of the statute (section 220, supra) is a point which need not here be decided, for the question is determinable upon the principles of waiver.

When this phase of the case was presented in the trial on the motion for new trial, the defendants' contention was denied, the reason for such denial being stated by the learned trial judge in the following language:

"I am going to overrule your motion for a new trial. * * * I don't think the motion for new trial is good because, on the point of agency, Mr. Landa, you, in my opinion, waived the question of the failure to verify the reply. It never was called specifically to my attention at any time during the trial of that lawsuit that you were raising the question that the agency, under the state of the pleadings, was admitted, and, as a matter of fact, both sides in this lawsuit, in their examination of the witnesses, examined them on the question thoroughly as to whether this was a joint adventure. * * *"

The record supports the trial court's conclusion on this point, and the law sustains the disposition made of the matter.

The plaintiff introduced testimony intended to establish that Glenn Dye, the driver, and Harold Dye, the plaintiff, were not engaged in a joint enterprise at the time of the unfortunate collision. It was shown that Glenn Dye, a young man in his teens, had borrowed his father's truck for the purpose of going to get his girl friend with a view to later attending a dance in a neighboring town; that his brother accompanied him at his request as his guest; that the collision occurred while Glenn Dye was endeavoring to carry out this program. The defendants did not object to the introduction of this evidence. Subsequently they conducted a cross-examination upon the point. Apparently all parties regarded it as an issue in the case. The defendants do not contend that this evidence established a joint enterprise. They are urging that the proof upon the point should have been ignored by reason of the pleadings.

The view that the defendants themselves did not try the case upon the theory that the pleadings dispensed with proof upon the point finds additional support in the conduct of defendants' counsel in the trial of the cause.

We have previously noted that at the time the trial was commenced only one of the separate answers contained an allegation which in view of the unverified denial might be construed to dispense with the necessity of proof of a joint enterprise or prohibit negative proof on the same point. After the jury had been impaneled, counsel for the defendants produced an amendment to the other answer and obtained leave to file it upon his assertion that it pertained only to formal matters. This amendment, among other things, contained the same assertion with reference to joint enterprise as was contained in the other answer. If counsel's position at this time is well taken—if the allegation in view of the unverified reply dispensed with proof—then assuredly the amendment was one of substance rather than one of form. Yet counsel represented the amendment as one of form. In requesting leave to file the amendment, which was granted by the court and consented to by opposing counsel in reliance upon the representation that the amendment was purely one of form, it was said by defendants' counsel:

"Now, at the same time, I have here, on behalf of the defendants, an amendment to the separate answers of the defendants. It is a formal matter, and Mr. Mills has no objection to it being filed."

Obviously, then, counsel for the defendants did not at the time of trial think the allegation changed the issues or dispensed with the necessity or propriety of proof on the point as to the defendant whose answer had not previously contained the allegation, for to attribute to them that belief at that time would be to impute to them the improper conduct of representing to the court and opposing counsel that the amendment was one of form when they themselves believed it to be one of substance. Incidentally, it was shown by opposing counsel that the amendment was presented without previous opportunity for examination and consent to its filing was given in reliance upon the representation that it was formal.

The only indication in the record tending to lend color to defendants' contention that the status of the pleadings was considered in the trial of the case is a recitation in one of defendants' requested instructions that it was admitted that Glenn and Harold Dye were engaged in a joint mission at the time of the accident. This requested instruction was refused. The recitation did not disclose that the purported admission was on the theory that it arose from the pleadings. The requested instruction may have been presented on the theory that plaintiff's proof, as distinguished from the pleadings, constituted the admission—a theory which is not urged in this court. In view of the other considerations heretofore reviewed and the statement of the trial court upon the subject, we must assume that the requested instruction was not presented upon the theory that an admission on the point arose from the pleadings.

Even though an allegation in a pleading is of such a character as to dispense with the necessity of proof upon a given point upon consideration of section 220, supra, by reason of a failure to verify by affidavit the denial of such allegation, the point will not be taken as though established by admission if both of the parties try the cause upon the theory that the point is an issue. This rule is based upon the principles of waiver and is thus treated as an intentional abandonment of a known right by the party who later complains. Jones v. Citizens' State Bank, 39 Okla. 393, 135 P. 373; Standley v. Cruce, 57 Okla. 127, 157 P. 135; Spaulding v. Thompson, 60 Okla. 136, 159 P. 509. See, also, Johnson v. J. J. Douglass Co., 8 Okla. 594, 58 P. 743.

We accordingly hold, as did the trial court, that, since both parties tried the case on the theory that the question of joint enterprise of the truck driver and the plaintiff who was riding with him was placed in issue by the pleadings, it cannot now be treated as removed from the issues by failure to verify by affidavit the denial of an allegation in the opposing parties' pleading.

Complaint is also made of one of the instructions in which contributory negligence was alluded to as the proximate cause of the injury. Unquestionably there is a degree of error in such allusion, since contributory negligence need only be a contributing proximate cause. However, in the same instruction the following curative language appears:

" 'Contributory negligence', as used in these instructions and as the same has application to this case, means a want of ordinary care on the part of the plaintiff at the time of the injury suffered by him which **proximately contributed** to the injury and for which he seeks a recovery in this case against the defendants."

In view of the above-quoted language in the same instruction, the error is not of sufficient substance to authorize a reversal.

"It is the duty of this court in reviewing instructions for the purpose of determining

whether or not substantial error has been committed, to consider such instructions as a whole. If the instructions, when so considered, are found to have fairly submitted the issues to the jury, the cause should not be reversed merely because individual instructions standing alone may be subject to criticism." C., R. I. & P. Ry. Co. v. Odom, 178 Okla. 132, 61 P. (2d) 1083.

Other complaints are made of the instructions which are not of sufficient magnitude to merit a discussion.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH (in conclusion), PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.