## PINE et al. v. DUNCAN.

No. 26559; Feb. 9, 1937.

Rehearing Denied March 9, 1937.

C. B. McCrory, J. C. Denton, R. H. Wills, and I. L. Lockewitz, for plaintiffs in error.

Thos. J. Horsley and Hicks Epton, for defendant in error.

HURST, J. On October 25, 1933, Jim Duncan sued to recover damages caused by pollution of his land by escaping oil and salt water flowing from the premises of defendants in violation of section 11580, O. S. 1931. Upon receipt of $2,100 in settlement, plaintiff dismissed the action against all of the defendants except W. B. Pine and the Mid-Continent Petroleum Corporation, plaintiffs in error. Although the evidence showed that polluted water had been flowing down the creek for several years, and destroying two of plaintiff's trees in 1930, the testimony further showed substantial damage to the land between October, 1931, and October, 1933. Plaintiff also introduced testimony, corroborated by several witnesses, that 40 acres of his land had depreciated in value from $200 per acre on October 25, 1931, to $30 per acre on date of filing suit, because of the increased pollution. Defendants pleaded in the alternative, (1) a general denial, and (2) that the claim was barred by the two-year statute of limitations.

1. Defendants' plea of the statute of limitations is not well taken. The fact that the stream had been polluted for several years and two of plaintiff's trees destroyed, did not cause the damage complained of and does not prevent this action for permanent injury to the land within the statutory period caused by increased pollution. An action for damages to real property caused by pollution is not barred by the statute of limitations because oil and salt water have escaped into a stream running through plaintiff's land for more than two years prior to the filing of the action, but the time within which such action may be brought dates from the time the injuries were received and the damages sustained. Commercial Drilling Company v. Kennedy (1935) 172 Okla. 475, 45 P. (2d) 534; Richards v. Flight (1924) 97 Okla. 9, 222 P. 564; Indian Territory Illuminating Oil Co. v. Klaffke (1936) 178 Okla. 62, 61 P. (2d) 669.

Defendants contend that the court erred in instructing the jury to allow plaintiff exemplary damages, provided they found that he had sustained actual damages and that the defendants had "unlawfully, wantonly and maliciously and with utter disregard of plaintiff's rights or property, allowed and permitted salt water, basic sediment and poisonous substances to escape and pollute plaintiff's land," for the reason that there was no evidence to show that the defendants acted maliciously or wantonly. It is true that in the absence of such evidence, it is error to give such an instruction. Keener Oil & Gas Co. v. Stewart (1935) 172 Okla. 143, 45 P. (2d) 121; Ruth Fuel Co. v. Nichter (1935) 174 Okla. 601, 51 P. (2d) 502. However, in the case at bar, the award of the jury was in one lump sum and the verdict does not show what was allowed for actual damages and what was allowed for exemplary damages. This court has adhered to the rule that where the jury is not charged separately as to actual and exemplary damages, a verdict for a gross sum, without specification as to whether it is actual or exemplary damages will not be set aside, where, as in this case, no request for such specification was made. 8 R. C. L., page 669; Hoffman v. Palmer (1935) 173 Okla. 249, 47 P. (2d) 88; Pryor v. Harvey (1926) 121 Okla. 288, 249 P. 905.

But, as we find no evidence of malice, oppression, or wanton disregard of plaintiff's rights, the question is whether the giving of the instruction regarding exemplary damages to the jury changes the complexion of that rule. Defendants rely on St. Louis & S. F. R. Co. v. Criner (1913) 41 Okla. 256, 137 P. 705. The test is whether an erroneous instruction on one item comprising the lump sum verdict is reversible error. This depends upon the application of the "harmless error doctrine" prescribed in section 3206, O. S. 1931, as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

From an examination of the entire record, we find that the testimony offered by the plaintiff showed actual damages to be in the neighborhood of seven or eight thousand dollars, and, as the jury returned a verdict for but $750, we do not believe that the defendants were harmed by the instruction regarding punitive damages. We cannot say that the verdict, together with the sum paid by the other defendants. in settlement. is in excess of the actual damages sustained. Therefore, although the court may have erred in submitting this instruction to the jury, such error has not resulted in a miscarriage of justice, and is not reversible. Whitcomb v. Oller (1913) 41 Okla. 331, 137 P. 709.

We are not unmindful of the case of A., T. & S. F. R. Co. v. Chamberlain (1896) 4 Okla. 542, 46 P. 499, reversing the judgment of the lower court for refusal to allow special interrogatories requesting the jury to specify the amount for both actual and punitive damages, where there was no evidence to support punitive damages. However, in the case at bar, there was no request to have the jury itemize the verdict, and also it must be noted that the case cited was decided prior to the passage of the "harmless error" statute, supra.

The contention of defendants that instruction No. 11. regarding the measure of damages, failed to limit recovery to depreciation caused by the acts of the defendants is without merit. In instruction No. 8. the court told the jury to "limit your damages to that caused by salt water and oil sediment," and in instruction No. 10. the court told them that if they found by preponderance of the evidence, among other things, that "plaintiff has suffered loss in the value thereof. because of the conduct or omission of the defendants or either of them." then their verdict should be for plaintiff. It is the duty of the court to construe the instructions as a whole, and in construing these three together, we think the jury was properly instructed on the measure of actual damages. Such being the case, this court will not reverse the judgment because of an individual instruction standing alone which may be subject to criticism. C., R. I. & P. Ry. Co. v. Odom (1936) 178 Okla. 132, 61 P. (2d) 1083. Affirmed.

OSBORN. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.