## H. F. WILCOX OIL & GAS CO. et al. v. ALLEN.

No. 25815.    April 13, 1937.

Rehearing Denied June 29, 1937.

Application for Leave to File Second Petition for Rehearing Denied Jan. 17, 1939.

Edward H. Chandler, Robert L. Imler, J. E. Thrift, J. C. Denton, Richard H. Wills, I. L. Lockewitz, Horace B. Clay, Harry Campbell, J. R. Ramsey, B. W. Griffith, W. P. Z. German, R. M. Turpin, Geo. Bowen, W. M. Fleetwood, Jr., A. G. Cochran, E. R. Hastings. Jas. A. Veasey, Forrest M. Darrough, W. F. Semple, G. B. Cantrell, and W. D. Abbott, for plaintiffs in error.

Johnson & Jones, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action to recover damages to plaintiff's land and livestock, alleged to have been caused by the pollution of two streams running through plaintiff's land, and other land leased by him. The parties are referred to as in the trial court.

The petition of plaintiff contains three causes of action. The first cause of action is for damages to plaintiff's land. The second cause of action is for injury to cattle alleged to have occurred in 1931. The third cause of action is for injury to plaintiff's cattle alleged to have occurred in 1932. The petition was filed February 21, 1933.

Most of the questions presented as to plaintiff's first cause of action are the same as in the case of H. F. Wilcox et al. v. Lucinda Johnson, 184 Okla. 198, 86 P.2d 51. The alleged pollution came from the same oil field and from oil wells operated by the same oil companies, and the pollution is of the same stream or streams. Some of the questions involved in that case are not here involved.

On the question of limitation as to the first cause of action the cases are almost identical. The facts being substantially the same, the same rule of law is applied.

This cause was tried to a jury, and defendants contend that the trial court erred in the instructions covering the definition of permanent injury, and as to the time when a cause of action would accrue therefor.

The principal contention appears to be that, inasmuch as the stipulation of the parties and other evidence showed that the stream had been continuously polluted for some ten years before the action was commenced, and as a consequence thereof the value of the land had to some extent decreased, and showed further that the oil field, or the structures and works thereon, were permanent, in that it would continue for an indefinite period, the court should have instructed the jury that plaintiff's action was barred because not commenced within two years after it became obvious that the value of plaintiff's land was decreased by reason of any pollution of the streams.

In other words, defendants complain because the court, after declining to hold plaintiff's action barred as a matter of law, did not instruct the jury to the effect that the action was barred. The same authorities are relied upon that were cited in support of defendants' contention that the court erred in not holding, as a matter of law, plaintiff's cause of action was barred.

The instructions complained of, while inaccurate and possibly erroneous in some respects not relied upon, are substantially in accord with the rule announced in Pine v. Duncan, 179 Okla. 336, 65 P. (2d) 492.

There is a contention that the right of action was never available to plaintiff because the same arose solely in tort and accrued previous to his acquisition of the land.

Again defendants are, in effect, contending for a rule of law rejected in Pine v. Duncan, supra. Plaintiff acquired his land about March 5, 1931. Defendants are contending that, inasmuch as the salt water, oil, and other refuse had been cast into the stream prior to that time, and had to some extent affected the land, the cause of action and the whole cause of action accrued prior to that time because it appeared that the oil field from whence the pollution arose was permanent in character. The contention is not sustained.

It is also contended that plaintiff's second cause of action, or at least a part thereof, was barred by the statute of limitations. Defendants concede that such might be the case as to the loss of some five or six head of cattle. Plaintiff's evidence did show that about that number of cattle died in January, 1931. The action was not commenced until February 21, 1933. Therefore plaintiff was not entitled to recover on any part of his second cause of action accruing prior to the February 21, 1931. There was also evidence tending to show that a part of the cattle may have been injured and possibly died in February, before the 21st day of that month. At most, ten or twelve head of cattle may have died before February 21, 1931.

The verdict was in a lump sum. That is, there were no separate damages awarded on the three separate causes of action, but the verdict is for much less than plaintiff sued for, and much less than there was evidence tending to support.

It will be presumed, therefore, that the jury followed the court's instruction in this regard, and allowed nothing for the cattle injured before February 21, 1931.

There is a contention that the court erred in its instruction on measure of damages for the injury of cattle injured, but not killed, by drinking salt water.

We find no material error therein.

It is also contended that the court erred in certain instructions relating to contributory negligence, assumption of risk, etc.

This contention is without substantial merit. The same may be said of the separate contention that the evidence does not support the verdict.

Complaint is made that the court erred in submitting general forms of verdict, and in not submitting separate forms for several causes of action.

This question might have merit had defendants requested separate forms of verdict. This they did not do.

They assert that they had a right to assume that the court would without request submit separate forms. This the court should have done. Frisco Ry. Co. v. Farmers Union Gin. Co., 34 Okla. 270, 125 P. 894; Rogers v. Benford, 83 Okla. 270, 201 P. 646. But this is an error that may be and was waived. Stakis v. Dimitroff, 154 Okla. 9, 6 P. (2d) 1053, and cases therein cited.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. GIBSON, J., dissents. PHELPS, J., absent.