## OKLAHOMA CITY-ADA-ATOKA R. CO. v. RIDDLE.

No. 28104.   April 26, 1938.

Rehearing Denied June 14, 1938.

Application for Leave to File Second Petition for Rehearing Denied Sept. 13, 1938.

O. E. Swan, for plaintiff in error.

W. P. Morrison and Ralph H. Schaller, for defendant in error.

CORN, J. This case was begun in the district court of Pottawatomie county by defendant in error, to recover damages for personal injuries alleged to have been caused by the negligence of the plaintiff in error. Hereafter the parties will be referred to as they appeared in the trial court.

The facts are that the plaintiff, an employee of a trucking contractor, together with his employer and fellow workers, went to unload a freight car placed upon a siding at Stonewall, Okla., by the defendant. This car was an ordinary freight car with sliding doors on each side, one of the doors having been cleated up to hold it in place. The plaintiff and his fellow workers pried these cleats from the door in attempting to open it. It appeared that the track upon which the door operated was in some manner bent or sprung, and when they attempted to slide the door open it fell, striking the plaintiff · upon the back and falling upon him. The plaintiff alleged that by reason of being struck by this falling door he sustained severe injuries to his back, and since that time has been unable to work, and produced medical testimony to show that he sustained a compressed fracture of the fifth lumbar vertebra, resulting in a permanent injury. At close of plaintiff's evidence, defendant's demurrer thereto was overruled.

Defendant's evidence was directed toward showing that there was a written warning "Do Not Open" upon this door, and that it was warning of a dangerous condition, and contended that in violating this warning the plaintiff was guilty of contributory negligence, thereby relieving defendant of liability. Defendant's evidence was further directed toward showing that the plaintiff was only slightly injured. if injured at all, and sustained no permanent injury.

At the close of all the evidence, the court instructed the jury, and thereafter they returned a verdict for the plaintiff for $5,-000. From this verdict and judgment the defendant appeals, setting forth 14 assignments of error, 11 of which complain of the refusal to grant requested instructions and the giving of others, over objections of the defendant.

The first assignment of error is the contention that the trial court erred in overruling the defendant's demurrer to the evi-

deuce, and in refusing to instruct the jury to return a verdict for the defendant. Under this proposition the defendant cites numerous authorities holding that where the evidence does not show a causal connection between the alleged negligence and the resulting injury, the trial court should, upon proper request, direct a verdict for the defendant.

This court has repeatedly held that where there is an issue as to whether the commission or omission of an act is negligence, it is for the jury to decide. Miller v. Dobbs, 180 Okla. 576, 71 P.2d 737. Further, when the evidence reasonably establishes primary negligence and raises a question of proximate cause so that reasonable men might draw different conclusions, the case is one for the jury. Cherry v. Arnwine, 126 Okla. 285, 259 P. 232. This court has also held that it is error to sustain a demurrer to the evidence under such circumstances. Selby v. Osage Torpedo Co., 112 Okla. 303, 241 P. 130, 44 A. L. R. 120.

As authority that the trial court is not justified in directing a verdict in a personal injury action where negligence is alleged, if there is evidence reasonably tending to prove the alleged negligence and resulting injury, see Kramer, Gdn., v. Nichols-Chandler Home Bldg. & Brokerage Co., 93 Okla. 227, 220 P. 338. Also, it has been held to be error to instruct a verdict for defendant where evidence is such that men of ordinary intelligence may arrive at different conclusions as to responsibility for injury. Crabb v. Oklahoma G. & E. Co., 120 Okla. 182, 250 P. 926.

Inasmuch as there existed a sharp conflict in the testimony, and because it was such that reasonable men might draw different conclusions therefrom, the trial court's action in overruling the defendant's demurrer to the evidence and in refusing to direct a verdict for the defendant was entirely proper.

Defendant's next assignment of error is that the trial court refused to instruct the jury as to the issues covering the case, failed to properly instruct the jury as to proximate cause, intervening cause, negligence of third persons as affecting defendant's liability, and refused to grant certain requested instructions dealing with negligence and contributory negligence.

We have examined the instructions given by the court, and also those requested by the defendant, and find that the trial court sufficiently instructed the jury as to the issues above mentioned in instructions Nos. 4, 6, 8, and 9. These particular instructions, when considered with the instructions as a whole, fairly instructed the jury as to the law to be applied to the facts in the case. Error is not to be predicated upon giving of instructions which correctly submit the theory upon which the parties tried the case. Wallace v. Blasingame, 53 Okla. 198, 155 P. 1143. See, also, Mitchell v. Vogele, 125 Okla. 176, 256 P. 906.

The third assignment of error is in the trial court's refusal to give defendant's requested instruction No. 2, telling the jury that negligence is never presumed, but must be proved by preponderance of the evidence, and that the mere fact of injury is not proof of negligence, and that it had to be shown that plaintiff's injury was the proximate result of defendant's negligence. This instruction was refused, but in the instructions given, the court charged the jury that the plaintiff had to bear the burden of proof, defined proximate cause and told the jury that if they found defendant's negligence to have been the proximate cause of plaintiff's injury, negligence of fellow workers, in absence of contributory negligence on plaintiff's part, would not relieve defendant from liability.

There is a multitude of decisions from this court holding that it is not error to refuse requested instructions when the instructions requested are sufficiently covered by instructions under which jury is actually charged. Kansas, O. & G. Ry. Co. v. Jones, 161 Okla. 206, 17 P.2d 959; Shell Petroleum Corp. v. Wood, 168 Okla. 274, 32 P.2d 882.

The defendant next contends that it was reversible error for the trial court to refuse its requested instruction No. 4, which was that the plaintiff had to show not only that defendant **might have been** guilty of negligence, but that the evidence had to show defendant **was** guilty, and that if evidence showed any one of several things to have happened, for some of which defendant was liable and for some of which not liable, then it was the court's duty to direct the jury to return a verdict for the defendant, and that it was not for the jury to guess or speculate as to defendant's negligence.

The request was refused, but in instruction No. 2 the court charged the jury as to the burden of proof; by instruction No. 5, defined proximate cause; and in instruction No. 9 told the jury that if they found such negligence to have been the proximate cause of the injury, then only contributory negligence on the part of the plaintiff would re-

lieve the defendant from liability. Then, in instruction No. 10, the jury was told that defendant was not an insurer of the safe condition of the car, but only owed the duty to exercise ordinary care in performance of its duties.

The defendant next claims error in the trial court's action in refusing requested instructions Nos. 6 and 7, contending that not only did the court fail to define intervening cause for the jury, but further told the jury that the negligence of the employer or fellow workers would not relieve defendant of liability.

In 45 C. J. 926, sec. 489, the following statement is found:

"It is well settled that the mere fact that other causes, conditions, or agencies have intervened between defendant's negligence and the injury for which recovery is sought is not sufficient in law to relieve defendant from liability. In other words, an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury. The test is not to be found in the number of intervening acts or agencies, but in their character and in the natural connection between the wrong done and the injurious consequences, and if the injury is the natural and probable consequence of the original act or negligent omission, and is such as might reasonably have been foreseen as probable, the original wrongdoer is liable, notwithstanding the intervening act or event."

See Pollard v. Oklahoma City Ry. Co., 36 Okla. 96, 128 P. 300, and Producer's Oil Co. v. Eaton, 44 Okla. 55, 143 P. 9.

The defendant contends that the injury could not have occurred without the new and intervening act of prying open the door in violation of the alleged warning. However, it had to be anticipated that this door would have to be opened, and that it would have to be pried open. The defendant set the chain of circumstances in motion, and having done so, is not to be relieved on the grounds that there was an independent, intervening act.

The defendant's next specification of error is based upon the trial court's refusal to give the defendant's requested instruction No. 5, as to proximate cause. Upon this issue the court instructed the jury that "Proximate cause, as used in these instructions, means that moving and efficient cause producing the injury, and then nearest in causation and without which the accident or injury would not have occurred."

In addition to this, in instruction No. 9,

the court expressly told the jury that if the defendant's negligence "was the direct and proximate cause of the plaintiff's injuries," they should find for the plaintiff, in absence of contributory negligence.

Defendant next complains of the refusal to give requested instruction No. 8, which was:

"You are instructed that if you believe from the evidence that neither the plaintiff nor the defendant was negligent, but the accident was caused by the negligence of the plaintiff's employer or plaintiff's coemployees, then your verdict must be for the defendant."

Defendant argues that not only was this request refused, but, further, that the court gave instruction No. 9, which told the jury that if plaintiff's employer or fellow workers were negligent, this would not relieve the defendant, if they found defendant's negligence to have been the proximate cause of the injury.

This requested instruction was merely an attempt to have the court charge the jury to find that the only negligence present was that of the plaintiff's employer and coemployees, which is, in effect, only an argument upon the evidence. Inasmuch as the question of the defendant's negligence was the principal issue in the case, the jury being instructed that the burden was upon the plaintiff to establish this, there remained no necessity of further instructions telling the jury that if the negligence was that of plaintiff's employer or fellow workers, then defendant was not to be held liable.

The next claim of error is based upon the refusal to give requested instruction No. 9, relating to plaintiff's disability, the contention being that the instruction given by the court invaded the province of the jury, and limited the jury's consideration of the medical testimony. The court plainly told the jury that the testimony of the doctors regarding the nature and extent of the plaintiff's injuries was to be considered in connection with the other testimony. The court charged the jury properly upon this issue, since it is certain that the trial court had no right to tell the jury that the medical testimony was to be considered to the exclusion of all other evidence. See Chambers v. Cunningham, 153 Okla. 129, 5 P.2d 378; Pine v. Duncan, 179 Okla. 336, 65 P.2d 492.

The defendant next alleges error in the trial court's refusal to grant requested instruction No. 12, in respect to contributory negligence. Although this request was refused, the court gave instruction No. 6, de-

fining contributory negligence, and thereafter, in instruction No. 8, told the jury that, while the defendant had the burden of proving contributory negligence, it might appear from plaintiff's own testimony, and that a finding of contributory negligence precluded the jury from finding for the plaintiff.

It was not the duty of the trial court to invade the province of the jury by instructing that certain facts or circumstances did or did not constitute contributory negligence; to have done so would have constituted reversible error. Wichita Falls & N. W. R. Co. v. Woodman, 64 Okla. 326, 168 P. 209.

Alleged reversible error is also claimed in the refusal to grant requested instructions Nos. 13 and 14. Both these requested instructions appear to be based upon a state of facts which was not proved. Moreover, there was a failure of proof as to the sign "Do Not Open," since it was never conclusively shown that this was upon the car door before the accident, nor was this shown to have been a warning of the defective condition of the door.

The next claim of error is in the refusal to grant requested instruction No. 16. that "If you find that at the time and place in question the plaintiff or his coemployees pried the door off its runners or containers, causing it to fall, then the plaintiff cannot recover." The defendant's argument here is that the evidence justified the conclusion that the plaintiff and his fellow workmen violated the alleged warning and pried the door off, which act resulted in plaintiff's being injured. However, there was testimony to the effect that there was no such warning on the door. In fact, there was testimony which might well lead reasonable men to believe that this sign, if there, was not placed upon the door as a warning of danger.

We have examined carefully, and at length, both the requested instructions and those given by the court, and have compared them. From this consideration we conclude that there was no error on the part of the trial court, either in refusing the requested instructions, or in the giving of those under which the jury was charged.

When reviewing instructions for the purpose of determining whether substantial error has been committed in the granting or refusing of instructions, it is the duty of this court to consider the instructions as a whole, and if the instructions given fairly present the issues to the jury, the cause is not to be reversed because certain instructions, standing alone, may be subject to criticism. See Gibson Co. v. Dye, 179 Okla. 385, 65 P.2d 407; Pine v Duncan, 179 Okla. 336, 65 P.2d 493.

The defendant further contends that the verdict is excessive and appears to have been given under the influence of passion and prejudice. The evidence of the plaintiff was that he had suffered a serious back injury, of a probably permanent nature. Defendant's evidence was that the injury was only slight, and there was some testimony that plaintiff was "faking." The jury decided in favor of the plaintiff, after hearing the conflicting evidence. There was competent evidence to sustain the verdict, and in view of the permanent nature of the injury and the age of the plaintiff, we cannot say that the verdict was excessive.

Judgment affirmed.

The plaintiff having prayed for judgment upon the supersedeas bond filed by the defendant in this case, judgment is accordingly directed to be rendered thereon.

BAYLESS, V. C. J., and RILEY, PHELPS, and HURST, JJ., concur.