MAIN et ux. v. LEVINE et ux.

No. 30131. Oct. 14, 1941.

Rehearing Denied Oct. 28, 1941.

*118 P. 2d 252.*

A. J. Welch, of Clinton, for plaintiffs in error.

Milton Keen, of Clinton, for defendants in error.

HURST, J. Plaintiffs, J. A. Levine and Beatrice Levine, brought this action against defendants, Skelly Oil Company, W. C. Main, Mrs. W. C. Main, and Lee Chism, to recover damages for wrongful trespass upon real property in possession of plaintiffs, and forcible ejection therefrom. From a verdict and judgment against them for $384.16, defendants W. C. Main and Mrs. W. C. Main appeal.

The facts out of which the controversy arose are briefly as follows: Plaintiffs rented from defendants Main a dwelling house in Clinton for a term, as plaintiffs claim, of three months, beginning November 1, 1934, and terminable on 30 days' notice, but which defendants Main assert was expressly agreed to be terminable without notice if and when they sold the property to Skelly Oil Company, with whom they were at that time negotiating. On or about December 3rd defendants verbally notified plaintiffs that they had sold the property, and that plaintiffs must remove therefrom. Plaintiffs were unable to find a place which they considered suitable to their needs, and did not move as requested. On December 13th defendants sent a crew of movers to the property, who began preparations to move the house to another location. Plaintiffs then filed this action, and sought in their original petition to enjoin defendants from proceeding further, but were denied injunctive relief. The moving crew jacked up the house and cut off the water and other utility connections, and thereupon plaintiffs removed their furniture and went to an apartment hotel, continuing this action, and seeking both compensatory and exemplary damages.

1. Defendants contend that their requested instruction for a directed verdict in their favor should have been given. They assert that there was no controverted question of fact for the reason that the evidence of plaintiffs supports the theory of defendants as to the terms of the rental contract. We have examined the evidence and do not agree with this contention. While plain-

tiffs testified that the sale of the lots to Skelly Oil Company was mentioned, they also testified that defendants assured them that they could remain in the property for three months, and would be given 30 days' notice if they were required to then remove therefrom. Plaintiffs testified to actual damages due to the loss of a roomer for the remainder of the three months, loss of time from their business, and increased rent paid, amounting to $100. This testimony was sufficient to present a jury question.

2. Defendants next contend that the trial court erred in instructing the jury to return a general verdict, and in refusing to require the jury, after the verdict was returned, to correct the verdict by itemizing it. They contend that as they filed a cross-petition for damages, which they supported by undisputed evidence, the itemization of the amount allowed them and the amount allowed plaintiffs as actual and as exemplary damages is made mandatory by section 372, O. S. 1931, 12 O.S.A. § 590. The trial court instructed the jury, in the event they found for plaintiffs in an amount which exceeded the amount found due defendants, to deduct therefrom the amount found due defendants, and return their verdict for the balance found due plaintiffs, and to follow the same procedure if they found that the amount due defendants exceeded that due plaintiffs, and return a verdict for the balance found due defendants. Defendants made no request for separate findings until after the verdict was returned, nor did they offer any instruction in lieu of the one given.

We do not consider that where the evidence is such that the jury could find that each party is indebted to the other, the jury is required by section 372 to separately state each amount, at least in the absence of a timely request that they do so. Section 370, O. S. 1931, 12 O.S.A. § 588; Wilcox v. Allen, 184 Okla. 196, 86 P. 2d 55; Pine v. Duncan, 179 Okla. 336, 65 P. 2d 492. The case of Atchison, T. & S. F. Ry. Co. v. Chamberlain, 4 Okla. 542, 46 P. 499, on which defendants rely, was distinguished in Pine v. Duncan, above.

3. Defendants contend that the trial court erred in failing to instruct the jury on the measure of damages and the duty of plaintiffs to minimize their damages. Defendants did not request an instruction on either of these points, or call the trial court's attention to its failure to so instruct. The trial court instructed the jury, if it found for the plaintiffs, to assess as compensatory damages those shown to have been actually sustained by plaintiffs. Defendants do not claim that any other or different measure is applicable, but plaintiffs call attention to section 9993, O. S. 1931, 23 O.S.A. § 71, as the applicable measure, and suggest that this court apply it to the verdict. Defendants do not here contend that the verdict is excessive if exemplary damages are permissible. It therefore appears that the error, if any there was, was not prejudicial to defendants, and is not one which justifies reversal. Ft. Smith & W. R. Co. v. Moore, 66 Okla. 322, 169 P. 904; Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090; Whitworth v. Riley, 132 Okla. 72, 269 P. 350, 59 A.L.R. 584. If defendants believed that a special measure of damages obtained, or that the evidence justified an instruction upon the duty of plaintiff to minimize their damages, they should have requested applicable instructions. The failure to give such instructions was not fundamental error, within the rule announced in Liberty Nat. Bank v. Semkoff, 184 Okla. 18, 84 P. 2d 438, and similar cases.

4. Defendants contend that the trial court erred in permitting the introduction of certain evidence over their objection. Without discussing at length the evidence objected to, we deem it sufficient to say that the evidence showing damages sustained due to the loss of the roomer and the increased rental paid by plaintiffs, both direct results of their ouster from the premises, was competent. The picture of the filling station erected on the lots after the removal of the house was perhaps improperly

admitted, but in no way prejudiced defendants.

5. Defendants' final contention is that the trial court erred in refusing to instruct the jury that plaintiffs were not entitled to exemplary damages. They argue that there is no evidence of force or violence, and that no malice or oppression is shown, and that therefore no ground for the recovery of exemplary damages existed.

Exemplary damages are in the nature of punishment imposed for the benefit of society, as a restraint upon the transgressor, and as a warning and example to deter him and others from committing like offenses in the future. Rhyne v. Turley, 37 Okla. 159, 131 P. 695; 15 Am. Jur. 700. They are designed to discourage, among other things, the willful and wanton invasion or disregard of the rights of others. 15 Am. Jur. 703; 25 C.J.S. 715; 17 C. J. 976.

In the present case the plaintiffs were living in the property of defendants under a claim of right which the jury found was well taken, and which gave them the right of further occupancy thereof. Defendants ignored the legal methods provided for securing possession of the premises, and in disregard of the rights of plaintiffs and their claim of rightful possession, attempted by force to remove them from the premises, and were about to do so when plaintiffs, to avoid further conflict, removed therefrom. This conduct of defendants, if not malicious, was an act of such reckless and wanton oppression that malice on the part of defendants might be inferred, and such as to merit punishment. While the force was not applied to the persons of plaintiffs, it was nevertheless a forcible and unlawful ejection from the premises, in disregard of their right of occupancy. Sanders v. Cline, 22 Okla. 154, 101 P. 267; Crow v. Davidson, 186 Okla. 84, 96 P. 2d 70, 126 A.L.R. 123.

Defendants contend that the action was one for breach of the rental contract, and that in such case exemplary damages may not be recovered, and cite numerous authorities announcing such rule. But the action was not brought upon that theory, but was for damages for the tortious trespass upon the rights of plaintiffs to possession, and their forcible and wrongful eviction. Such was the cause of action alleged in the amended petition, and it was upon such theory that the trial court instructed the jury.

Affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.