SEBRANEK v. KRIVOHLAVEK.

No. 31882. Nov. 20, 1945.

*163 P. 2d 530.*

H. C. Kirkendall and Harry McKeever, both of Enid, for plaintiff in error.

Harry O. Glasser and Phil O'Neill, both of Enid, for defendant in error.

PER CURIAM. This is an action in damages filed by Lad F. Krivohlavek, hereinafter called plaintiff, against the defendant, Joseph Sebranek, to recover

damages caused by the overflow of water from the lands of the defendant.

This action was tried on the issues made after the filing of a second amended petition June 21, 1943. It sought $4,000 as actual damages and $10,000 punitive damages. Trial to a jury resulted in a verdict for $500 actual damages and $500 punitive damages.

The defendant has appealed and presents five specifications of error. The facts disclose, without substantial dispute, that plaintiff owned the N.E.¼ of sec. 2, township 23 N., range 4 W., in Garfield county, and that the defendant was the owner of the N.W.¼ of said section. Since before 1924 the flow of water on both places had been a source of trouble and discussion. A lawsuit between the parties resulted in a judgment in 1924 in which the present plaintiff was enjoined from building any dykes, dams, or obstructions. It is the position of the plaintiff that he fully carried out the terms of said judgment, but that since 1920 the defendant has consistently dammed and dyked said water source and that finally, in 1942, the defendant constructed a concrete enbankment, dyke or dam across the watercourse which resulted in damages to the plaintiff.

Both pieces of real property are meandered by a branch, draw, or stream. The defendant had built dykes or dams of earth prior to 1942. Finally, in 1942, for the purpose of directing the water in a definite channel and controlling the same, he caused to be erected the concrete enbankment above mentioned, and on the 27th day of October, 1942, this action resulted.

In the first two propositions the defendant asserts that he has acquired a prescriptive right since 1920 and that any right of action is barred by the statute of limitation. Defendant states that since the barrier had been maintained since before the judgment in 1924 he had a right to repair it in 1942. The court submitted the matter to the jury on the theory that the evidence supported a finding that a new and independent barrier was constructed in 1942. With this theory we agree. A number of cases involving pollution of streams have been cited by the defendant. We have noticed these cases. No case has been cited where a similar defendant has built a similar construction to control water supply and repaired the same from time to time and finally erected a permanent structure within the statutory period. A case quoted from and relied upon by the defendant is Morgan v. Morgan, 205 Ky. 545, 266 S. W. 35. That was a case in which the Kentucky court held that the defendant had obtained a way of necessity which had been used for more than 50 years and thereafter sought to pave the way with stones. Clearly that case is not applicable. In Herwig v. City of Guthrie, 182 Okla. 599, 78 P. 2d 793, we held that a natural watercourse in a defined channel may not be obstructed by a riparian owner to the injury of another proprietor without such riparian owner being liable for the damage sustained. To the same effect see Chicago, R. I. & P. R. Co. v. Groves, 20 Okla. 101, 93 P. 755, 22 L. R. A. (N. S.) 802; Cole v. Missouri, K. & O. Ry. Co., 20 Okla. 227, 94 P. 540, 15 L. R. A. (N. S.) 268; Chicago, R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 P. 662, 27 L. R. A. (N. S.) 879.

We are therefore of the opinion, and hold, that under the facts and circumstances of this case the defendant had not acquired a prescriptive right by virtue of the construction maintained by him to dyke or dam the water source and that the action of the plaintiff was not barred by the statute of limitations.

It is next argued that the court gave certain erroneous and prejudicial instructions on the issues presented. The first instruction has been noted above, and since we held that the action was not barred, it was proper for the court to instruct the jury that if it found that the damages resulted from the

obstructions placed thereon by the defendant in 1942, he was liable for the resulting damages.

It is argued that instructions Nos. 3, 4, 5, 6, and 7 are erroneous for the reason that they are based upon negligence, and that the only evidence in the record disclosed that the plaintiff is not relying upon the negligence of the defendant, but upon a willful and designed effect. We fail to find where any such action results to the prejudice of the defendant. It is fundamental that if the obstructions were purposely built by the defendant and the construction thereof is the proximate cause of such damage, it is immaterial whether the damage results through the negligence or through the willful conduct of the party. A cause will not be reversed for failure of an instruction, which may be technically incorrect, unless there has been prejudice by the giving of such instruction. Pine v. Duncan, 179 Okla. 336, 65 P. 2d 492.

It is also argued in this presentation of error that the court erred in instruction No. 8 in defining as final the former judgment in the litigation between the parties hereto. Defendant purports to see in this proceeding an approval by the trial court of all of the conduct of plaintiff in connection with such litigation both prior and subsequent to such litigation. We are of the opinion, and hold, that instruction No. 8 is not susceptible of this construction. The court properly defined and limited the former proceeding and the statement in this instruction in no way indicates whether or not either party was at fault subsequent to the judgment of the court in 1924. The instruction properly and correctly stated that the judgment which was not appealed from became final and conclusive. We find no prejudicial error in this respect in instruction No. 8.

It is the duty of this court, in reviewing instructions for the purpose of determining whether or not substantial error has been committed, to consider such instructions as a whole, and, if they are found to have fairly submitted the issues to the jury, the cause should not be reversed merely because individual instructions, standing alone, may be subject to criticism. Pine v. Duncan, supra.

It is next argued that there is no proof in the record that the plaintiff has been damaged by any act of the defendant. Plaintiff replies that he sought $4,000 damages and was only given $500 damages. We are of the opinion, and hold, that the judgment and verdict must rest upon the evidence presented in the record and not upon any allegation thereof as compared with the verdict rendered. The plaintiff proved and the defendant admits that the record disclosed that he expended approximately $200 in necessary repairs caused by the construction of the obstructions to the stream. In addition there was proof of loss of crops by reason of the overflow, and we find ample evidence in the record reasonably tending to support damages to the extent of $500.

Finally it is argued that the judgment, based upon the verdict of the jury, is excessive and the result of passion and prejudice. This is in a sense an attack upon the $500 allowed as punitive damages. In this respect we find no error. See, in this connection, Pine v. Duncan, supra. It is admitted by the defendant himself that he contended and still contends that he had a right at all times to make the construction in the form of dams, dykes, and embankments necessary to direct the water, as he states, according to its natural course. Both the court and the jury found him in error in this respect. We are of the opinion that $500 for this error in judgment is not excessive or unreasonable.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.