F. D. WILSON, *as Sheriff of Barton County*, v. EMMA PANNE.

1. EVIDENCE—*Complex Fact.* It is generally incompetent to prove a complex fact by a mere assertion of the fact itself, when such fact is the principal ground of contention; but when all the simple, primary and elementary facts necessary to establish a complex fact are proven, it is immaterial error to admit proof of said complex fact.

2. ———— *Ownership of Land not Proof of Ownership of Wheat.* In an action to recover the possession of wheat taken from the bin, it is incompetent to prove ownership of the land on which the bin is located or the wheat was raised to establish the ownership of the wheat. The ownership of the wheat in controversy could not be established by evidence as to the ownership of the land.

3. PETITION, *Amendment of— Stipulation as to Amount of Recovery.* An agreement between the parties to the suit as to the amount of recovery is sufficient to authorize the amendment of the pleadings to correspond with said agreement, without costs; and a judgment for said amount will be upheld without such amendment having in fact been made. (*Mitchell v. Milhoan*, 11 Kas. 617.)

MEMORANDUM.—Error from Barton district court; J. H. BAILEY, judge. Action in replevin by Emma Panne against F. D. Wilson, as sheriff of Barton county. Judgment for plaintiff. The defendant brings the case to this court. Affirmed. The opinion was filed October 1, 1895.

### STATEMENT OF THE CASE.

On January 22, 1890, Frank D. Wilson, sheriff of Barton county, levied on 504 bushels and 10 pounds of wheat in a bin, under an execution in favor of Diffenbacher & Banta, and against Henry Mehrhoff, as Mehrhoff's property. On January 27, 1890, Emma Panne, a daughter of Mehrhoff, commenced this action of replevin for the wheat against the sheriff,

46—APP.

claiming the same as hers. Mrs. Panne and her father resided about 1½ miles apart on separate but adjoining farms. Besides the dwelling-houses and necessary outbuildings and other improvements on the farms, each farm had a barn thereon, and the wheat in controversy was stored in a bin in the barn situated on the farm occupied by Mehrhoff, and on which he resided. Mrs. Panne was the owner of the farm on which the wheat in controversy was raised, having procured title from her mother. She testified that she purchased the seed from which the wheat was raised, and hired the harvesting and threshing done; that her brother, William Mehrhoff, was her agent in regard to the sowing and harvesting of the wheat, and that her husband, Ernest Panne, acted as her agent in arranging for its threshing. The brother, William Mehrhoff, died July 26, 1889. The defendant claimed that the land in fact belonged to the father, Henry Mehrhoff; that the title thereto was fraudulently transferred by him to the mother and by her to the plaintiff; and that all transactions by plaintiff touching the wheat in controversy were fraudulent, and entered into for the purpose of defrauding the creditors of the father, Henry Mehrhoff.

*Diffenbacher & Banta*, and *Valentine, Godard & Valentine*, for plaintiff in error.

*Hettinger Bros.*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action in replevin, brought by Emma Panne against F. D. Wilson, sheriff of Barton county, Kansas, in the district court of Barton county, to recover possession of 500 bushels of wheat which had been levied upon by him under

an execution against Henry Mehrhoff. The judgment was for the plaintiff below, and Wilson brings the case here for review.

The real question at issue in this case is, Was the wheat the property of Emma Panne? The first error complained of by the plaintiff in error is the refusal of the court to strike out the answer of the plaintiff to the following question: "Q. State whether or not you know who is the owner of this wheat in controversy. A. Yes, sir; I am the owner." The last part of this answer is clearly improper, and not responsive to the question. However, the next question asked the witness was: "Q. You may state who was the owner of this wheat in controversy on the day it was taken from you. A. I was." No objection was made to this question or answer, therefore no ruling was made or exception saved thereto.

It is generally incompetent to prove a complex fact, when such fact is the principal ground of contention, by a simple assertion of the fact itself. ( *Simpson v. Smith*, 27 Kas. 565.) In this case, however, Mrs. Panne introduced testimony tending to show that she purchased the seed-wheat, hired the land plowed and harrowed, and the wheat sown, harvested and threshed; that she was in possession of the land upon which the wheat was raised and stored, and was in possession of the wheat. This stated all the simple, primary and elementary facts necessary to be shown to establish the ownership of the wheat in the plaintiff; therefore, whatever error may have been committed in refusing to strike out said answer is immaterial.

The second error complained of by plaintiff in error is in the sustaining of the objection to the following question asked by the defendant below in the cross-

examination of the plaintiff. "Q. What, if anything, did you pay your mother for the land?" This was not error. The issues in this case were not made to try the title to the land, but to personal property, and it would make no difference in this case whether the plaintiff had ever paid anything for the land or not. The ownership of the wheat in controversy could not be established by evidence as to who owned the land.

The third and sixth assignments of error are based upon the assumption that Henry Mehrhoff was in possession of the land and the wheat. There is nothing in the pleadings or the evidence to bear out this assertion; therefore there was no error committed in the rulings complained of.

The fourth and fifth assignments of error are based upon the assumption that Ernest Panne, the husband of this plaintiff, was the agent in and about all the business of Mrs. Panne. The uncontradicted evidence of Mrs. Panne is to the effect that Mr. Panne was her agent, so far as this farm and wheat were concerned, only in hiring and paying the threshers. He was properly permitted to testify about these two matters, and nothing else.

The seventh and eighth assignments of error are based upon the refusal of the court to allow the conversation purporting to have been had between William Mehrhoff and Grant Adams at the time said Mehrhoff was sowing the wheat, in which William Mehrhoff said the wheat belonged to him. This plaintiff contends that what was said about the wheat was part of the *res gestæ*, and because plaintiff testified that William Mehrhoff was her agent concerning sowing and raising of the wheat, that his declarations are binding upon his principal. It is a little difficult to un-

derstand of what transaction the conversation between William Mehrhoff and Grant Adams was a part. It was not had in the presence of either of the parties to this suit. If William Mehrhoff was hired by plaintiff to put in and harvest said wheat, and acted as her agent concerning the same, it is difficult to understand where he would obtain his authority for stating that the wheat belonged to him. Certainly no authority has been shown to have been given him by Mrs. Panne to make any such statement. The evidence further shows that William Mehrhoff died between the time of harvesting said wheat and the seizure thereof by this plaintiff in error. According to the well-known rules which govern as to a conversation being part of the *res gestæ*, and as to the permission of witnesses to testify to the conversation of a deceased person, and as to principal and agent, there was no error committed in refusing to permit said Adams to testify to said conversation.

The ninth assignment of error is upon the sustaining of an objection to the following question by the defendant upon the cross-examination of the plaintiff: "Q. Did you at the time keep a bank-account?" The plaintiff had been testifying in regard to various payments of money, checks, etc., to one of the men who threshed the wheat. There was nothing in the testimony that she gave her individual check for any amount, and it was entirely immaterial whether she kept a bank-account or not.

The tenth assignment of error is so indefinite and evidently immaterial that we will not consider it.

The eleventh assignment of error is based upon the amount of recovery. The plaintiff in her petition claimed only 500 bushels of wheat; the verdict and the judgment were for 504 bushels and 10 pounds.

During the progress of the trial, and just before the plaintiff rested his evidence, the following statement appears in the record : "It is agreed by the plaintiff and defendant that the value of the wheat is 56 cents per bushel, and it is also agreed that there were 504 bushels and 10 pounds of wheat." In the case of *Mitchell v. Milhoan*, 11 Kas. 617, the supreme court says :

"It is true that the judgment does not literally follow the prayer of the petition, but we think it substantially does. The variance is so slight that the plaintiff would have had the right at any time, without costs, to amend the prayer of his petition, and therefore the variance was immaterial. (*Mo. Valley Rld. Co. v. Caldwell*, 8 Kas. 244.) The judgment was for a small amount more than claimed in the petition, but it was for the amounts agreed upon by the parties, to wit, $1,429.25 against Mitchell, and $125 against Devenney & Green, and therefore the variance was immaterial. The plaintiff, however, should have amended his petition so as to claim these amounts."

This decision is based upon correct principles of law and justice, and, following it, we hold that there was no material variation between the allegations in the pleadings and the judgment.

No material error having been committed during the trial of this case, the judgment of the district court is affirmed.

JOHNSON, P. J., concurring.

COLE, J., having been counsel in the court below, not sitting in the case.