## R. L. McDonald & Co. v. A. J. Grice *et al.*

### No. 532. (58 Pac. 1035.)

Practice, District Court—*Admissions in Pleadings—Withdrawal—Estoppel.* "A party having once solemnly admitted a fact, and made it a part of the record by his pleadings, cannot, after such admission, by merely withdrawing the paper containing the admission from the files of the court, deny such admission, but is estopped thereby." (*Carr v. Huffman*, 1 Kan. App. 719, 41 Pac. 984.)

Error from Kingman district court; W. O. Bashore, judge. Opinion filed November 20, 1899. Reversed.

*John E. Lydecker*, for plaintiffs in error.
*Hay & Hay*, for defendants in error.

The opinion of the court was delivered by

Schoonover, J.: Plaintiffs in error, as plaintiffs, brought this action in the district court of Kingman county to recover possession of a stock of merchandise which they claimed was wrongfully detained from them by defendants in error.

42—9 kan. app.

In their petition, the plaintiffs alleged, in substance, that the defendants, A. J. Grice and David O. Grice, executed and delivered to plaintiffs certain promissory notes, and that to secure such notes said defendants and Lottie E. Grice and E. F. Grice gave a chattel mortgage on the goods in controversy, and that under the provisions of said mortgage plaintiffs were given the right to take possession of the mortgaged property if the notes, or any of them, were not paid at maturity, or if the plaintiffs should deem themselves insecure ; that defendants failed to pay the note which first became due, and that, under the terms of the mortgage, A. J. Grice and David O. Grice did, on the 6th day of December, 1892, deliver the goods over to the plaintiffs herein and their agents, and allowed and consented that the plaintiffs should, under such possession, proceed to sell and dispose of the goods to satisfy the mortgage and make payment of the notes which it secured ; that afterward A. J. Grice and David O. Grice and the Hutchinson Wholesale Grocery Company, by their agent Dunnett, while the plaintiffs' agent was temporarily absent from such goods, did lock and barricade the door and entrance to the building containing such goods, the same being the identical goods turned over to the plaintiffs by said A. J. Grice and David O. Grice, and by force kept the same from the plaintiffs, and the said plaintiffs, being in fear, did not attempt to retake such goods into their possession. Plaintiffs demanded judgment for the return of the goods, with damages and costs.

The defendants answered, and "denied each and every allegation, . . . except the allegation 'that on or about the 6th day of December, 1892, the said defendants A. J. Grice and David O. Grice delivered the said goods over to the said plaintiffs herein and

their agents' by reason of the default hereto set out, and, without objection on their part whatever, allowed and consented that the said plaintiffs should, under such possession, proceed to sell and dispose of such goods to satisfy such chattel mortgage and the payment of the notes herein set out, . . . and as to said excepted part the said defendants admit it.''

When the case came on for trial, the defendants Grice asked for a separate trial from the Hutchinson Wholesale Grocery Company, which request was granted. The answer theretofore filed was then, by leave of the court, withdrawn, and said defendants filed a general denial. The case was tried before a jury and a verdict returned in favor of defendants. Judgment was rendered for defendants upon such verdict, and plaintiffs bring the case here and ask that such judgment be reversed.

There are many assignments of error set out in the brief of plaintiffs in error, but from the view we take of the case it will only be necessary to discuss the fourteenth, which is as follows:

"The court erred in giving the third instruction to the jury:

"'*Third.* That before you can find that the plaintiffs were lawfully entitled to the immediate possession of the property in question at the commencement of this action, you must find from a preponderance of the evidence that prior to the bringing of this action, that is, on or about the 5th day of December, 1892, the plaintiffs were in possession of the property in question with the consent of the defendants.'"

The first answer filed expressly admitted that the goods were turned over to the defendants under the terms of the mortgage on the 6th day of December, 1892. While the court instructed the jury that they must find that plaintiffs had possession of the goods on the 5th day of December, 1892, it is clear that this instruction was based on the allegation of the petition

that defendants delivered possession of the goods to plaintiffs, under the terms of the mortgage, on the 6th day of December, 1892. This instruction made it incumbent upon the plaintiffs to prove a fact which had been expressly admitted by the answer first filed. While it is true that this answer was withdrawn by leave of the court, that fact would not relieve the defendants from the effect of the admissions made therein. As was said by this court in the case of *Carr v. Huffman*, 1 Kan. App. 719, 41 Pac. 984:

"A party having once solemnly admitted a fact, and made it a part of the record by his pleadings, cannot, after such admission, by merely withdrawing the paper containing the admission from the files of the court, deny such admission, but is estopped thereby."

When the court instructed the jury that it was necessary for plaintiffs to prove facts which had been expressly admitted an error was committed prejudicial to plaintiffs. It is clear from the evidence that the plaintiffs were entitled to possession of the property under the terms of their mortgage, and if such right was defeated it would be upon a mere technicality. It is clear that error was committed, and we think that the requirements of justice and fairness demand that the case be remanded for a new trial.

The judgment of the district court is reversed.