R. L. McDONALD & Co. v. THE HUTCHINSON WHOLE-
SALE GROCER COMPANY *et al.*

No. 12,586.  (68 Pac. 1083.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Replevin*—*Chattel Mortgage.* The statute of limitations will not bar a recovery in a replevin action commenced by a mortgagee for the possession of mortgaged property before the statute had run on the note but not tried until after a right of action on the note has been barred.

Error from Kingman district court; P. B. GILLETT, judge. Opinion filed May 10, 1902. Reversed.

2—65 KAN.

*Geo. A. Vandeveer, F. L. Martin,* and *J. F. Woodson,* for plaintiffs in error.

*J. W. Rose,* and *Geo. L. Hay,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiffs in error brought suit in replevin in the district court of Kingman county in December, 1892, to recover the possession of a certain stock of merchandise, claiming to be the special owners thereof under a chattel mortgage executed to them by A. J. Grice and David O. Grice to secure the sum of $1481.50, which indebtedness was evidenced by five promissory notes, dated November 21, 1892, and due respectively in 10, 40, 70, 100 and 130 days after date. The cause was tried in December, 1894, and a judgment rendered in favor of defendants. From this judgment a proceeding in error was prosecuted to the court of appeals, where the judgment was reversed and the cause remanded. ( *McDonald v. Grice,* 9 Kan. App. 657, 58 Pac. 1035.) The cause was again tried in the district court of Kingman county in March, 1900, wherein the court sustained a demurrer to the plaintiffs' evidence, and entered judgment against them for costs. From this judgment the plaintiffs prosecuted proceedings in error to this court. No action was ever brought on the notes, and when the last trial was had an action on the notes was barred by the statute of limitations. The court sustained the demurrer to the evidence of plaintiffs on the ground that, as the action was barred on the notes, their right to recover in the replevin action was also barred.

This presents the only question in this case. We do not agree with this contention. The plaintiffs' action was to get possession of the property and apply the

proceeds thereof to the payment of their debt.   The action, therefore, was in the nature of a foreclosure of the mortgage, and while it was pending the statute of limitations did not begin to run on their rights in that action.   The contention of defendants in error, that where an action on a note or bond is barred it is also barred on a mortgage given solely as security, is fully sustained by the authorities, but the principle has no application to an action in the nature of a foreclosure of a chattel mortgage commenced at a time when the note and mortgage are both alive.   In such case, the rights of the parties cannot change during the litigation.   When the present action was brought for the possession of the mortgaged property, the notes held by the plaintiffs against the Grices, secured by the mortgage, were not barred by the statute, and, the action being in the nature of a foreclosure, the bar of the notes did not affect their right to recover.

The judgment of the court below is reversed and the cause remanded.

SMITH, CUNNINGHAM, POLLOCK, JJ., concurring.