[No. 5441.   Decided February 1, 1905.]

CATHERINE CULLEN, *Respondent*, v. GEORGE BOWEN, *Appellant.*[1]

FIRES—NEGLIGENCE—DEFENSES—TITLE TO PROPERTY DESTROYED—POSSESSION SUFFICIENT WITHOUT TITLE.   In an action for the value of buildings, crops, and personal property destroyed by a fire negligently set out by an adjoining land owner, the defendant can not assert want of title in the plaintiff, who was in the adverse possession of the land when the crops were raised, and of the personal property, claiming the same under a will from her deceased husband, whether the will was valid or not.

SAME—EVIDENCE OF POSSESSION—VOID WILL.   In such a case a will bequeathing all the community property to the plaintiff, even if void as to other heirs, is competent to show the nature of the plaintiff's possession, where it had not been questioned for over four years by any of the parties interested.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered April 19, 1904, upon findings in favor of the plaintiff, after a trial on the merits be-

[1]Reported in 79 Pac. 305.

fore the court, a jury being waived, in an action to recover for property destroyed by a fire negligently set out by defendant.    Affirmed.

*Forney & Ponder,* for appellant.

*W. W. Langhorne,* for respondent.

RUDKIN, J.—This was an action to recover damages for the destruction of property by fire.    The complaint charges that the defendant negligently set out and kindled a fire on his own lands, and negligently suffered the fire to spread to the lands of plaintiff, whereby her property was consumed and destroyed.    The property destroyed consisted of a barn and outbuildings, together with the hay, grain, and farm implements therein contained.    The case was tried by the court without a jury, findings were made in favor of the plaintiff, and, from the judgment entered in accordance therewith, this appeal is taken.

Two questions are presented in the briefs of counsel: (1) Was the respondent the owner of the property destroyed? and (2) does the evidence establish negligence on the part of the appellant?    The facts in connection with the respondent's title are these:    The lands on which the buildings were situated, and upon which the hay and grain were grown, and at least a part of the other personal property destroyed, were owned by the respondent and Thomas Cullen, her deceased husband, on and prior to the 19th day of January, 1900, and were community property. Said Thomas Cullen died testate on the above date, devising and bequeathing all of his property, real and personal, to the respondent.    The six children of the deceased were not named or provided for in the will, and the will was

not proved or admitted to probate until after the commencement of this action. The appellant objected to the introduction of the will and probate proceedings in evidence, first, because the will was not admitted to probate until after the commencement of the action, and second, because the will was void as to the children of the deceased. If this were an action to try title, and the will the foundation of the respondent's title, the objection, perhaps, would be well taken; but such is not the case here. We think the will was competent evidence for the purpose of showing the nature of the respondent's possession, and her claim to the property destroyed. The husband had been dead for nearly four years, the children have never questioned their mother's title to this property, though nearly all of them have long since attained the age of majority, and we have no assurance that they ever will. Why, then, should a stranger and a trespasser be permitted to question it now? *Northern Pac. R. Co. v. Lewis,* 51 Fed. 658, 2 C. C. A. 446; *Gulf Etc. R. Co. v. Johnson,* 54 Fed. 474, 4 C. C. A. 447; Cooley, Torts, 444; Tiedeman, Real Property, § 692; Sutherland, Damages, § 1009; *Haws v. Victoria Copper Min. Co.,* 160 U. S. 303, 16 Sup. Ct. 282, 40 L. Ed. 436. In the last case, the court says:

"The elementary rule is that one must recover on the strength of his own and not on the weakness of the title of his adversary; but this principle is subject to the qualification that possession alone is adequate as against a mere intruder or trespasser without even color of title, and especially so against one who has taken possession by force and violence. This exception is based upon the most obvious conception of justice and good conscience. It proceeds upon the theory that a mere intruder and trespasser cannot make his wrongdoing successful by asserting

a flaw in the title of the one against whom the wrong has been by him committed."

The court cites this language from the opinion in *Christy v. Scott,* 14 How. 282:

"A mere intruder cannot enter on a person actually seized, and eject him and then question the title or set up an outstanding title in another."

In *Gulf Etc. R. Co. v. Johnson, supra,* the court says:

"As against a wrongdoer, possession is title. The presumption of the law is that the person who has the possession has the property, and the law will not permit that presumption to be rebutted by evidence that the property was in a third person, when offered as a defense by one who claims no title, and was a wrongdoer. One who goes through the country negligently or wilfully setting fire to people's pastures, hay stacks, and houses, will not, when called upon to pay for his wrongful act, be heard to say that the legal title to the prpoperty destroyed was in the third person and not in the person who had the actual possession."

The respondent was unquestionably the owner of the crops grown on the land while held adversely by her, and the value of these, together with her interest in the other property destroyed, would exceed the amount of the judgment, under the undisputed facts in the case, if the respondent is entitled to recover at all. The question of the negligence of the appellant is one of fact which involves the application of no principle of law. A careful examination of the record fails to disclose any reason why this court should interfere with the findings of the court below. There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.