FLETCHER v. CITY OF ALTUS.

No. 29263. Sept. 24, 1940.

Rehearing Denied Jan. 7, 1941.

*108 P. 2d 781.*

Hollis Arnett, of Mangum, for plaintiff in error.

L. A. Pelley, of Altus, and H. M. Thacker, of Mangum, for defendant in error.

OSBORN, J. This action was instituted in the district court of Greer county by W. E. Fletcher, hereinafter referred to as plaintiff, against the city of Altus, hereinafter referred to as defendant, for damages to growing crops alleged to be the property of the plaintiff. At the conclusion of all the evidence the trial court ordered all of defendant's evidence stricken, sustained a demurrer to plaintiff's evidence, and dismissed the action. Plaintiff has appealed.

Plaintiff in his petition alleged that he was the tenant in possession of certain described real estate; that he rented same on a crop rental basis whereby he was the owner of three-fourths of certain crops and two-thirds of other crops raised by him upon said lands; that defendant had constructed a dam below the lands occupied by him, creating a lake which during the years 1934 and 1935 overflowed a part of said lands and

seriously damaged the crops thereon; that a claim had been presented to the mayor and city council of the defendant city and disallowed; that the acts of defendant constituted a taking or damaging of private property for public use without just compensation therefor. Defendant's answer, as amended, was a general denial, a plea of the statute of limitations, res adjudicata, and that plaintiff was not a proper party to bring the action, since the land in question was owned by the minor children of plaintiff, and plaintiff as their legal guardian could not occupy said land as a tenant.

In connection with the latter contention it appears that plaintiff and his family had occupied the land in question for a number of years prior to this action, as a tenant of plaintiff's father-in-law. Upon the death of the father-in-law the land descended to plaintiff's children, his wife having died prior to the death of her father. Plaintiff was the duly appointed guardian of the minor children, and the family had continued to occupy the premises, with plaintiff conducting the farming operations on a crop rental basis.

It is urged by counsel for plaintiff that the trial court, in making the ruling complained of, was motivated by the theory that the action was barred by the statute of limitations due to the fact that the dam in question is a permanent structure and the cause of action arose upon its completion in 1927; that the dam in itself was sufficient to put the tenant upon notice that damages might result, and he therefore could not complain. In this connection defendant urges that plaintiff failed to establish a prima facie case for the reason that he did not allege or prove that the dam causing the injury was an illegal structure, or that it was negligently constructed or operated. An examination of the record reveals that plaintiff's evidence was sufficient to withstand a general demurrer, and we therefore confine our discussion to the propositions of whether the plaintiff was a proper party to bring the action, and whether the action was barred by the statute of limitations as contended.

It appears that where a tenant, raising a crop requiring payment of a part as rent, has possession of the entire crop until it is gathered and divided, he may bring an action for its destruction and injury. See Yeldell v. Hines, 73 Okla. 1, 174 P. 229; Oklahoma Ry. Co. v. Boyd, 140 Okla. 45, 282 P. 157. We believe that the foregoing statement is sufficient to satisfy the requirement that an action must be brought in the name of the real party in interest, particularly in view of the fact that in the instant case plaintiff seeks to recover only for damages to his proportionate share of the crops.

Plaintiff's right to maintain the action is also challenged on the ground that he, as guardian, was occupying the lands involved as a tenant of his wards, and that a guardian is expressly prohibited by law from leasing the property of his wards to himself. See Crume v. Rivers, 178 Okla. 363, 61 P. 2d 862. The validity of the lease is not involved herein. The question here is whether or not the defendant is entitled to question plaintiff's ownership of the crops. In the case of Gulf, C. & S. F. Ry. Co. v. Johnson, 54 Fed. 474, 4 C. C. A. 447, the plaintiff sought to recover damages for loss of certain grass and hay destroyed by fire which had escaped from the defendant's locomotives. Among other defenses it was urged that the plaintiff was the occupant of the land under an invalid lease. In this connection the court said:

"* * * The plaintiff was in the actual peaceable possession of the land and the hay cut from it. As against a wrongdoer, possession is title. The presumption of the law is that the person who has the possession has the property, and the law will not permit that presumption to be rebutted by evidence that the property was in a third person, when offered as a defense by one who claims no title, and was a wrongdoer. One who goes through the country negligently or willfully setting fire to people's pastures, haystacks, and houses, will not, when called upon to pay for his wrongful act, be heard to say that the legal title to the property

destroyed was in the third person, and not in the person who had the actual possession. * * *"

In 39 A. L. R. 960, appears the following note:

"Third persons, who are in no way connected with the rightful owner of the land, of course, cannot set up such person's title to defeat the title of one who, though a trespasser, cultivates a crop on the land. Barnhart v. Ford (1887) 37 Kan. 520; Lindsay v. Winona & St. P. R. Co. (1882) 29 Minn. 411, 43 Am. Rep. 228, 13 N. W. 191; Cullen v. Bowen (1905) 36 Wash. 665, 79 P. 305."

In the case of Kester v. Amon (Mont.) 261 P. 288, it is said:

"The ownership of crops raised on land held adversely does not depend upon the ownership of the land, or the right to the possession thereof, but upon who was in the actual physical possession, and ownership and the right to possession (of the land) are not in issue in an action involving the ownership of the crops. Fuglege v. Wenatchee Co-op. Ass'n, 134 Wash. 350, 235 P. 790, 39 A. L. R. 953; Wilson v. Panne, 1 Kan. App. 721, 41 P. 984."

With regard to the question of the statute of limitations, it appears that plaintiff neither alleged nor proved negligence upon the part of defendant in the *construction or operation of the dam*. Defendant's theory is that because of plaintiff's failure in this regard, the action is barred by the statute of limitations, the cause of action having arisen upon completion of the dam. Plaintiff, however, contends that the cause of action did not arise until the first injury to his crops occurred in 1934, and points out that evidence was adduced to show that there was no overflow of the particular tract involved herein until 1934, and that said tract was not included in a previous settlement for damages to the lands occupied by plaintiff. It is also pointed out that no damages are sought for injury to the land or to the leasehold estate.

In Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544, this court, considering a similar situation, said:

"* * * Regardless of the question of the permanence of the improvements, the right of action for injuries does not necessarily accrue at the time of the construction of the improvement. In case of injuries resulting from permanent improvements, as to the time when the right of action arises, the distinction seems to be that where the injury is the natural result of the erection of the permanent improvement or may be regarded as obviously consequential, the cause of action arises at the time of the construction of the improvement; but that, where the injury is not such natural result or not obviously consequential, the right of action arises at the time of the actual injury. The line of cleavage seems to lie in the certainty or uncertainty of the injurious result. * * * Where the damage is to crops it may depend entirely upon the possibility of the nonrecurrence of the overrunning flood in any given year, or the contingency of no crop being planted thereon, or being cultivated in a product subject to little damage from a temporary overflow. * * * This case is a fair illustration of the predicament in which plaintiff would find himself in a suit brought immediately following the construction of the improvement and before the actual injury. * * * What would have been the predicate for his assertion of liability or his measure of damages? His damages, though liable to have been incurred, had neither resulted nor were certain to result."

See, also, Chicago, R. I. & P. Ry. Co. v. Bahr, 78 Okla. 78, 188 P. 1058; Atchison, T. & S. F. R. Co. v. Eldridge, 41 Okla. 463, 139 P. 254; H. F. Wilcox Oil & Gas Co. v. Johnson, 184 Okla. 198, 86 P. 2d 51; H. F. Wilcox O. & G. Co. v. Allen, 184 Okla. 196, 86 P. 2d 55; Pine v. Duncan, 179 Okla. 336, 65 P. 2d 492.

As stated in Pahlka v. C., R. I. & P. Ry. Co., supra, the line of cleavage lies in the certainty or uncertainty of the injurious result, and the question of whether the injuries are the natural result, or may be regarded as obviously consequential, of the erection of the permanent improvement. Such question presents an issue of fact peculiar to each individual case, and such issue should be presented to a jury, under proper in-

structions, for determination. While plaintiff made no specific allegations of negligence, he did allege that the defendant was guilty of violation of section 24, art. 2, of the Constitution, which prohibits the taking or damaging of private property for public use without just compensation therefor, and there was evidence that the damages complained of were due solely to the erection of the dam by defendant. In this connection see Oklahoma City v. Vetter, 72 Okla. 196, 179 P. 473; City of Muskogee v. Hancock, 58 Okla. 1, 158 P. 622; and Morrison v. Clackmas County (Ore.) 18 P. 2d 814.

The judgment of the trial court is reversed and the cause remanded, with instructions to grant a new trial.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. GIBSON, J., dissents.