CITY OF ALTUS v. FLETCHER et al.

No. 29867. Dec. 1, 1942.

Rehearing Denied Jan. 19, 1943.

*132 P. 2d 942.*

L. A. Pelley, City Atty., of Altus, and H. M. Thacker, Sp. Counsel, of Mangum, for plaintiff in error.

Hollis Arnett, of Mangum, for defendants in error.

ARNOLD, J. The city of Altus, defendant below, appeals from a judgment of the district court of Greer county rendered on a verdict of a jury in favor of W. E. Fletcher et al., plaintiffs below. The parties will hereinafter be referred to by their trial court designation.

The plaintiffs' evidence discloses that in 1927 the city of Altus completed the construction of a dam across the north fork of Red river creating a lake for the city's water supply; that at said time the plaintiffs, together with Mary Fletcher, were the owners of the 160 acres of land located north of the lake along said river, a part of which is involved herein; that after the lake was filled, the north rim thereof was within a fraction of a mile of this land; that in 1928 and 1929 high water flooded that portion of said land described in the contract of settlement hereinafter referred to; that the owners thereof instituted condemnation proceedings to require the city to pay for the overflowed land on the theory that the overflow amounted to a taking by physical invasion; that a contract of settlement was entered into and the action dismissed with prejudice; that after the lake was filled, siltation immediately set in, and in the years following much of the area at the northern end thereof was transformed into a sand bar and the level of the river bed was raised; that prior to the erection of the dam and the siltation, the particular land described in said contract of settlement was lower than the land involved herein; that by reason of the siltation it is now higher; that in 1934 and 1935 there were several floods which completely covered that portion of the land herein involved (approximately 30 acres), destroying it completely; that on November 9, 1934, the four plaintiffs herein purchased Mary Fletcher's interest in the farm; that the value of the farm prior to the building of the dam in 1927 was from $7,500 to $8,000; that the value just after the injuries complained of herein was approximately $2,500. There was no evidence as to the value of the land immediately before the alleged injuries. The city made no objection to this proof as to the reduction in value, but did interpose a demurrer to plaintiff's evidence, which was overruled by the court and an exception to the ruling thereon was saved by the defendant city.

The city admitted the siltation; however, its evidence as to the effects thereof was in direct conflict with the plaintiffs' evidence.

At the close of all the evidence, the city demurred and moved for a directed verdict, which was denied by the court and the city saved an exception to this ruling.

The jury returned a verdict for $3,000; judgment was rendered in accordance therewith.

The city presents this appeal on the following grounds: (1) Plaintiffs' cause of action, if any remained after the former judgment, was barred by limitations when this suit was filed, February 13, 1936. (2) The court erred in refusing to sustain defendant's plea of estoppel by judgment. (3) That judgment of the lower court is not sustained by the evidence and is contrary to the law of the case. (4) The court erred in giving certain designated instructions to the jury. (5) The court erred in stating the issues and misstated material allegations of plaintiffs' petition. (6) Error of the trial court in refusing to instruct verdict in favor of defendant. (7) Error in overruling defendant's motion for new trial.

The city's first proposition, that plaintiffs' cause of action was barred by limitations when this suit was filed, is based upon the testimony, which the defendant contends inescapably shows: (1) that the dam in question is a permanent structure; (2) that there was no negligence in the construction or maintenance thereof; (3) that the filling in of the old river bed and the lake generally by siltation was a natural and expected result; and (4) that the consequential injuries complained of were therefore anticipated.

In this connection the city contends that these allegedly inescapable factual conclusions bring this case within the rule of law announced in Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544, wherein we said:

"In cases of injuries resulting from permanent improvements, as to the time when the right of action arises, the distinction seems to be that, where the injury is the natural result of the erection of the permanent improvement, or may be regarded as obviously consequential, the cause of action arises at the time of the construction of the improvement; but that, where the injury is not such natural result, or not obviously consequential, the right of action arises at the time of the actual injury."

On account of the various circumstances maintaining and peculiar to the case before us, we think the foregoing rule inapplicable.

In Fletcher v. City of Altus, 188 Okla. 342, 108 P. 2d 781, which pertains to a case involving injuries to crops grown by a tenant, but concerning the same principle now under consideration, we said:

"Whether a cause of action for injuries resulting from the erection of a permanent public improvement arises upon the completion of the improvement depends upon a determination of the issue of fact as to whether the injuries complained of are the natural result, or may be regarded as obviously consequential, of the erection of such permanent improvement, and such issue of fact should be submitted to the jury for determination, as a prerequisite for determining whether or not such action is barred by the statute of limitations."

We recognize that where the circumstances require the bringing of one action, all damages apparent and reasonably anticipated should be recovered, as contended for by the city, but the circumstances in this case show, we think, a grave question as to whether the damages complained of herein were obvious and reasonably within the anticipation of the parties.

The evidence shows that none of this farm was ever overflowed before the erection of the dam. In 1928 it was first observed that during overflow stages the river and lake water backed onto about 20 acres of the farm involved. Plaintiffs brought a condemnation action for damages to the specifically described 20-acre portion of the farm that was overflowed in 1928 on the theory that the overflowing of this portion of the farm amounted to a taking by physical invasion. In this condemnation proceeding the plaintiffs complained that the erection of the dam impeded the flow of the water during flood stages of the stream and caused this portion of their farm to be submerged. In that action they claim no anticipated extension of the damage.

After trial of that action, and while the judgment for the plaintiffs therein

was on appeal, the parties to the action entered into a contract of settlement, approved by the county court, settling the claim of the plaintiffs against the defendants as to the particular described portion of the farm, and said cause of action was dismissed with prejudice.

It is provided in said contract of settlement, in part, as follows:

"But it is agreed that during overflows and headrises that the backwater caused by the erection of said dam will cause to be temporarily and materially flooded the following described portions of the said minors' land, to wit: . . .

"As shown by survey and map made by A. W. Putnam August 21st, 1928, and filed as an exhibit, Plaintiff's Exhibit 'A' in Case No. 4718, . . .

"Now it is agreed that the said City shall pay to the said minors for the taking of the above described land in the manner aforesaid the sum of $540.00, and as damage done and caused to the other land of said Minors adjacent to the above described land the sum of $200.00, which said sum is intended to compensate said Minors for expenses of removing the residence upon said land further west to a level at least ten feet higher than the crest of said dam; but it shall be optional with said Guardian and said Minors, upon arriving at majority, whether or not said house shall be moved as aforesaid.

"Which said sum shall be full and complete compensation and damages for the taking of the land herein described in the manner herein described, and for all damages to other lands and property and improvements situated upon said land.

"It is, however, agreed that owing to the fact that all of said lands herein described are higher than the crest of said dam, that the said Minors shall be entitled to use the same for agricultural, stock raising and other purposes, in such manner as not to pollute, infect or contaminate the waters of said Reservoir and such use shall be subject to reasonable rules and regulations of the Commissioner of Health of the State of Oklahoma.

"It is, however, further agreed that in event said City ever raises said dam that the land herein described shall be deemed fully paid for, for such purpose. But the said City shall pay to said Minors, in manner provided by law or their assigns, for all additional lands which may be submerged or flooded not herein specifically described, together with all damages which may be done other lands belonging to said Minors, not herein described, by reason of the raising of such dam."

The plaintiffs, in the cause of action before us, offered testimony in the trial to show that this entire farm was above the original water line of the lake; that by reason of siltation a sand bar was created in the north part of the lake and the level of the old river bed raised thereby; that this obstruction greatly increased the retardation of the flow of water in close proximity to the plaintiffs' farm and the level of the land involved in the condemnation suit was raised to such an extent that it was higher than that portion of the farm involved in this action.

In view of the provision of the contract, supra, and the foregoing facts and circumstances, we hold that an issue of fact as to whether the injuries complained of were the natural result of and obviously consequential to the erection of the dam presents a question of fact for the determination of the jury and brings the case within the rule announced in St. Louis, I. M. & S. R. Co. v. Biggs, 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. Rep. 174, that:

"But, when such structure is permanent in its character, and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries."

We therefore hold that the submission of this issue to the jury was correct.

The second proposition of the city, that the condemnation action having been settled by agreement and the cause dismissed with prejudice amounts to a former judgment involving the same

24

subject matter, the same cause of action, and the same facts and issues, and constitutes estoppel by judgment, is also untenable. This action was in the nature of a condemnation proceeding; in such an action consequential damages, as well as the value of the land taken by physical invasion, may be recovered. 18 Am. Jur. 887, § 249 and Ann. In this connection it is contended by the defendant that the $200 item of payment provided for in said contract was for damage that might thereafter be done to other lands of the plaintiffs; that all consequential damages were, therefore, settled in said condemnation action.

We think and, therefore, hold that the only reasonable interpretation to be placed upon this contract of settlement is that all payments therein provided for were to compensate only for damages to the particular land described therein and to provide expense for removing buildings therefrom. It is apparent to us that the parties, by the terms of said contract, never had in mind settlement of any reasonably obvious consequential damages to any of the other land of plaintiffs.

We will now consider together defendant city's next two propositions, that the judgment of the court is not sustained by the evidence and the court erred in its instruction concerning the measure of damages. There was no evidence introduced as to the value of the farm immediately prior to the injury by overflows in 1934 and 1935. There is evidence as to the value of the land just prior to the construction of the dam in 1927, and there is evidence of the market value of the land after the injury thereto occasioned by the floods of 1934 and 1935. The defendant made no objection to the character of proof offered. As has theretofore been pointed out, the defendant demurred to the evidence of the plaintiffs and specifically alleged therein insufficiency of the evidence, moved for a directed verdict, and saved an exception to an adverse ruling of the court in each instance. After the verdict of the jury was returned, the defendant excepted to the instruction given concerning the measure of damages.

As to the measure of damages, the court instructed the jury, "You are further instructed that the measure of damages, if any, that you find for the plaintiff, will be the difference between the fair market value of the said lands (being the lands not included in said contract) at the approximate time when the dam was constructed and the date of the filing of this suit, to wit: February 13, 1936." This instruction was clearly erroneous. The correct measure of damages for permanent injury to real estate is the difference between the fair market value of the real property immediately prior to the injury and the fair market value thereof immediately after such injury. Greis v. Harjo, 185 Okla. 474, 94 P. 2d 539. This is not a technical rule. A plaintiff, in an action to recover damages to real property, must, by competent evidence, give the court or jury a reasonable basis from which to determine the amount of damages. There are many things that affect the market value of real estate and enter into a determination of the damages thereto. The market value of land in 1927, standing alone, furnishes no reasonable basis on which to base a determination of the market value thereof in 1934. So, as we said in Greis v. Harjo, supra:

"In action by owner of realty for damage allegedly caused by pollution of a stream into which salt water from oil or gas well had been cast, there was no evidence on which to base instructions on measure of damages, where there was no evidence of fair market value of land before and after injury, . . . . ."

Having determined that the evidence offered by the plaintiffs was insufficient to justify the submission of the case to the jury, we deem it unnecessary to discuss the proposition of the plaintiffs that the defendant waived the error of the court, in its instruction to the jury as to the measure of damages, by its failure to object to the character of proof offered and received and its failure to request a correct instruction thereto.

Judgment reversed.

WELCH, C. J., CORN, V. C. J., and OSBORN and HURST, JJ., concur. GIBSON, J., concurs in conclusion. BAYLESS, J., dissents. RILEY and DAVISON, JJ., absent.