CITY OF ALTUS v. FLETCHER.

No. 31122. Oct. 26, 1943.

142 P. 2d 614.

L. A. Pelley, City Atty. of Altus, and H. M. Thacker, Special Counsel, of Mangum, for plaintiff in error.

Hollis Arnett, of Mangum, for defendant in error.

RILEY, J. This action was commenced February 16, 1936, by W. E. Fletcher, herein referred to as plaintiff, against the city of Altus, herein referred to as defendant, to recover damages for al-leged injury to growing crops. Upon trial to a jury, defendant's demurrer to plaintiff's evidence was sustained. Plaintiff appealed, and the order of the court sustaining the demurrer was reversed. Fletcher v. City of Altus, 188 Okla. 342, 108 P. 2d 781.

Plaintiff's petition alleges that he was a tenant in possession of described lands; that he rented on a crop rental basis whereunder he was the owner of three-fourths and two-thirds of crops being raised by him upon said land; that defendant had constructed a dam and created a lake below the land, which during 1934 and 1935 overflowed the lands and damaged plaintiff's crops. He claims damages to his crops for the year 1934 in the sum of $600 and for the year 1935 in the sum of $920.

Defendant's answer, containing a general denial, pleads the statute of limitations, res adjudicata, and that plaintiff was not a proper party to bring the action in that the land in question was owned by plaintiff's minor children, and that plaintiff, as their legal guardian, could not occupy the land as tenant.

After remand for new trial, defendant filed its fourth amended answer in which, after general denial, it pleaded the above defenses, and further alleged that the land was permanently injured during 1927 and 1928; that the overflow of said land in 1934 and 1935 was merely a recurrence from the same cause which permanently injured the land in 1927 and 1928.

Estoppel was pleaded by reason of an agreement entered into in 1929 in settlement of an action wherein said minors sued defendant for permanent injury by overflow in 1928 to the land on which the crops here involved were planted.

The issues were tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

Assignments of error are presented under four propositions. The first three are presented together: (1) The evi-

dence is insufficient to sustain the verdict for the reason that (2) if plaintiff was a tenant for the year 1934-1935, he rented after the land was permanently injured in 1928, with no right of action to recover for subsequent injuries to crops growing thereon from the same permanent cause; and (3) in no event was plaintiff entitled to recover for injury and damage to his crops in 1935 following permanent injury to all such land in 1934.

Defendant contends that but one injury could result to the farm in question by reason of the construction by the defendants of the dam in 1927, or not later than 1928; that said injury was permanent; that the cause of action for injury accrued to the owners of the land at that time, and that subsequent tenants took the land in its permanently injured condition; that whatever injury followed from the construction of the dam was the natural, certain, and inevitable consequence òf damming the river. Defendant relies on the rule stated in 1 C. J. 1116 that a single wrong gives rise to but one cause of action, for which only one action can be maintained, however numerous the items of damages resulting therefrom may be, and that this rule applies to negligence of a municipality.

This is a re-presentation of the issue in the former appeal going to the defense of the statute of limitations.

The decision in the former appeal holds:

"Whether a cause of action for injuries resulting from the erection of a permanent public improvement arises upon the completion of the improvement depends upon a determination of the issue of fact as to whether the injuries complained of are the natural result, or may be regarded as obviously consequential, of the erection of such permanent improvement, and such issue of fact should be submitted to the jury for determination, as a prerequisite for determining whether or not such action is barred by the statute of limitations."

In City of Altus v. Fletcher et al., 192 Okla. 20, 132 P. 2d 942, it is held:

"In case of injuries resulting from permanent improvements, such as a dam, the cause of action arises at the time of the construction of the improvement where the injury is the natural result of the erection of the permanent improvement, or may be regarded as obviously consequential."

And:

"When such improvement is permanent in its character and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there can be as many successive recoveries as there are successive injuries."

Under the rules stated, the question of whether the overflow of the particular tract of land here involved would naturally and obviously result from the construction of the dam, or not later than 1928, when the lake filled with water, was a question of fact for the jury under the evidence and proper instructions. It cannot be said as a matter of law that the overflow of the land here involved would naturally result from the dam as first constructed or that this damage was obvious at that time.

The land involved in this case was not overflowed until 1934. It is not the same land that was affected and overflowed in 1928.

The learned trial judge by appropriate instructions presented this question of fact to the jury. They were separate instructions applying to the years 1934 and 1935. The jury by its verdict decided the question adversely to the contention of defendant. By the verdict of the jury the fact is established that at the time the dam was constructed in 1927, or not later than 1928, it was not obvious that the land here involved would overflow as a result of the construction of the dam and maintenance of the lake. Therefore, the cause of action here involved was not included in the action that was brought in 1928 and

did not arise until the overflow of the land in 1934 and 1935.

Defendant contends that plaintiff is not the real party in interest and has no right of action for damages for alleged injury to the crops.

That issue, in a different form, was presented and decided in the former appeal. Therein plaintiff's right to maintain the action was challenged on the ground that plaintiff as guardian was occupying the land as tenant of his ward and that a guardian is expressly prohibited from leasing the property of his wards to himself.

Defendant now contends that title to the land and crops and the right of action for injury thereto was in the minor wards and for this reason plaintiff is not the real party in interest. In the former appealed case we held:

"Where a party plaintiff alleges that he is a tenant upon and in possession of certain farm lands, and brings an action for the recovery of damages to his proportionate share of the crops thereon against a party other than his landlord, such defendant cannot question the validity of the contract between the plaintiff and his landlord."

So plaintiff's right to maintain the action was sustained. That right includes an interest in a proportionate share of the crops, the subject matter of this action.

As against defendant and all others, except the owners of the land, plaintiff is the owner of the crops. Kester v. Amon et al., 81 Mont. 1, 261 P. 288.

Affirmed.

OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents. CORN, C. J., absent.