[No. 29215. Department Two. April 11, 1944.]

MIKE DESIMONE *et al., Respondents,* v. MUTUAL MATERIALS COMPANY, *Appellant.*[1]

[1]Reported in 147 P. (2d) 945.

*Simmons & McCann,* for appellant.

*Nicholas A. Maffeo,* for respondents.

MILLARD, J.—This action was instituted by plaintiffs, as possessors and cultivators of a tract of land in King county, to recover for damage to growing crops on the tract of land in question alleged to have been sustained as a result of defendant's tortious casting of sand and water thereon and to recover for damage from water and sand cast by defendant upon another tract of land of which plaintiffs were the owners in fee. Plaintiffs also sought a permanent injunction restraining defendant from discharging water upon their land. The cause was tried to the court, which entered a decree permanently enjoining defendant from collecting and casting water and sand upon plaintiffs' property, and awarded recovery to plaintiffs against defendant for destruction of growing crops on the first tract and injury to the second tract. Defendant appealed.

On the ground that the trial court's amended certificate to the statement of facts discloses that the statement of facts does not contain all of the testimony or evidence

heard in the cause, respondents move that we strike the statement of facts and affirm the decree.

The proposed statement of facts was served upon counsel for respondents September 17, 1943. The trial court certified February 29, 1944, that that proposed statement of facts (which was, of course, an agreed statement of facts as respondents did not file and serve on appellant any amendments which they might have proposed to the statement within ten days after service of the proposed statement of facts upon them) contained "all the material facts," etc. At the instance of counsel for respondents, the trial court signed an amended certificate March 6, 1944, or the day prior to the hearing of the appeal to this court (over objection of counsel for appellant that respondents had waived their right to make application for an amended certificate and the trial court was without jurisdiction to make such amended return) that the statement of facts, the certificate to which the court signed February 29, 1944, as containing a complete record and all of the proceedings in the cause, does not contain all of the testimony or evidence heard in the cause.

Respondents, by their failure to propose amendments to the statement of facts at the time and in the manner provided by statute (Rem. Rev. Stat., § 389 [P. C. § 7817]), waived all objections thereto, and thereafter respondents could not be heard to complain either in this court or in the trial court that the statement did not contain all the material facts. While the statute (Rem. Rev. Stat., § 391 [P. C. § 7819]) provides that the judge may correct or supplement his certificate according to the facts at any time before an appeal is heard, and the trial court may be compelled to do so by mandate of this court, the trial judge can only correct it in accordance with the facts as shown by the statement at the time of the settlement, and is without authority to correct the statement and then make his certificate conform to the facts of the new statement, for this would be, in effect, a new settlement of the statement of facts which would destroy the force of the statute which prescribes the time within which any amendments must be proposed to the

statement of facts. After a proposed statement of facts has been filed and no amendments proposed within the ten-day period, the statement of facts should be certified as proposed, and the trial court is without power to do other than certify that the statement contains all material facts, and the trial judge's certification may not be thereafter changed. The motion is denied.

Counsel for appellant argue that respondents may not recover for damage to the crops sown and growing, for the reason that respondents were in possession wrongfully of the land and the crops as long as they remained unsevered from the land belonged to King county, the owner of the land. It is conceded that, at the time it is alleged that appellant damaged respondents' growing crops, King county owned the land on which the crops were planted, which crops were never harvested or severed from the soil.

■ We are committed to the rule that a crop sown by a trespasser, so long as it remains unsevered, belongs to the owner of the land. *Fuglede v. Wenatchee Dist. Co-op. Ass'n*, 134 Wash. 350, 235 Pac. 790, 39 A. L. R. 953.

■ The land on which the crops were growing has been farmed by respondents for more than a decade. By foreclosure action in 1937, King county acquired title to that property. Respondents continuously, for more than ten years, and continuously since foreclosure by King county, have been in undisputed possession of the property. Although respondents are trespassers, appellant may not challenge respondents' right to maintain this action.

A third person (appellant) who is in no way connected with the rightful owner (King county) of the land, of course, cannot set forth King county's title to defeat the title of respondents who, although trespassers, cultivated a crop on the land. *Cullen v. Bowen,* 36 Wash. 665, 79 Pac. 305. In the case cited, we held that, in an action for the value of buildings, crops, and personal property destroyed by a fire negligently set out by an adjoining land owner, the defendant cannot assert want of title in the plaintiff, who was in adverse possession of the land when the crops were raised, and of the personal property, claiming the same

under a will from her deceased husband, whether the will was valid or not. We there enunciated the rule, from which we have never departed and which is supported by the weight of authority, that, as against the wrongdoer, possession is title; that the presumption of the law that the person who has the possession has the property may not be rebutted by evidence that the property was in a third person, when offered as a defense by one who claims no title and was a wrongdoer. See annotation, 39 A. L. R. 958 *et seq.*

While there is ample evidence to sustain the decree of the trial court that the unsevered crops on the land owned by King county and farmed by respondents were damaged by the appellant's wrongful discharge of waters and sand thereon and that the tract of land owned in fee by respondents was also damaged by the tortious acts of appellant, the trial court's adoption of an erroneous measure of damages for the loss of growing crops makes necessary a new trial.

We are committed to the rule that the proper measure of damages for the loss of a growing crop is the value of the crop at the time of the loss. This value may be ascertained either by evidence showing the reasonable value of the crop upon the land at the time of the loss, or the market value at the time of maturity less the cost of seeding, harvesting, and marketing. *Berg v. Yakima Valley Canal Co.,* 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D, 292.

There is no evidence of the value of the crop at the time of its loss. There was testimony of what the market value of the crop would have been had it matured, but there is no evidence of the cost of seeding, harvesting, and marketing.

The judgment is reversed and the cause remanded, with direction to grant a new trial.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.